UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELEANOR SCALLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 03-12413 DPW |
| CITIZENS FINANCIAL GROUP, INC., | ) |
| | ) |
| Defendant. | ) MAGISTRATE JUDGE Bowler |

## NOTICE OF REMOVAL

Defendant Citizens Financial Group, Inc. ("CFG") hereby gives notice of the removal of the case described below to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. In support of this removal petition Citizens states the following:

### I. INTRODUCTION

This case arises from the termination of Plaintiff's employment by Citizens Mortgage Company in February 2003. Plaintiff worked as a loan officer for Citizens Mortgage Corporation in Massachusetts from the time she started working for the Company in 2001 until she was terminated from employment in 2003.

On or about November 6, 2003, Plaintiff filed a complaint alleging tortious misrepresentation, wrongful discharge, breach of implied covenant of good faith and fair dealing, and violation of M.G.L. c.149 §148, in the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Suffolk County, Case Number 03-05325-C. On November 12, 2003, Citizens was served with a Summons and Complaint, copies of which are attached hereto as Exhibits A. CFG is required to file a pleading in response to the Complaint on or before December 1, 2003.

LIBB/1220286.1

As Citizens more fully states below, removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction.

## II. DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. § 1332(a) this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Plaintiff is a citizen of the Commonwealth of Massachusetts who resides in Winthrop, Massachusetts.

Citizens Mortgage Corporation is a Rhode Island corporation, with its principal place of business in Providence, Rhode Island. CFG is a Rhode Island corporation with its principal place of business in Providence, Rhode Island. Defendant, therefore, is a citizen of the State of Rhode Island.

Plaintiff is claiming damages for loss of income, including commissions and benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering. Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

Because Plaintiff is a citizen of Massachusetts and Defendant is a citizen of Rhode Island, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

## III. OTHER REMOVAL MATTERS

Citizens reserves the right to amend or supplement this Notice of Removal.

There have been no pleadings served upon Citizens other than the Summons and Complaint.

This Notice of Removal is filed within 30 days of service upon Citizens of the Summons and Complaint in compliance with 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446(d), Citizens shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Suffolk County, Massachusetts, attaching a file stamped copy of this Notice of Removal.

Pursuant to 28 U.S.C. §§ 1332 and 1446 this action is removable to the United States District Court for the District of Massachusetts.

WHEREFORE, Citizens gives notice that *Eleanor Scalli v. Citizens Financial Group*, Superior Court Department of the Trial Court Civil Action Number 03-5325-C is removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorneys,

Bradford J. Smith (BBO#550325)
Jeffrey S. Siegel (BBO# 647148)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Telephone:   (617) 570-1000

Dated: December 1, 2003

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney(s) of record by JSiegel on December 1, 2003.