UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ELEANOR SCALLI,

    Plaintiff,

v.

CITIZENS FINANCIAL GROUP, INC.,

    Defendant.

Civil Action No. 03-12413 DPW

## NOTICE OF FILING CERTIFIED COPIES OF STATE COURT PROCEEDINGS

Pursuant to Local Rule 81.1, Defendant hereby files certified copies of all records and proceedings and all docket entries in Commonwealth of Massachusetts Superior Court, Suffolk County, Civil Action No. 03-5325E, which was removed to this Court on December 1, 2003.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.,

By its attorneys,

_____
Jeffery S. Siegel, Esq. (BBO# 647148)
Bradford J. Smith, P.C (BBO# 550325)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

DATED: December 2, 2003

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendant's Notice of Filing Certified Copies of State Court Proceedings was sent by mail to all counsel of record on December 2, 2003.

_____
Jeffery S. Siegel, Esq.

LIBB/1221038.1

*Suffolk Superior Civil # 03-5325C*

COPY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ELEANOR SCALLI,  )
                 )
       Plaintiff,)
                 )
v.               )  Civil Action No.
                 )
CITIZENS FINANCIAL GROUP, INC., )
                 )
       Defendant.)

03 cv 12413 DPW

## NOTICE OF REMOVAL

Defendant Citizens Financial Group, Inc. ("CFG") hereby gives notice of the removal of the case described below to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. In support of this removal petition Citizens states the following:

### I. INTRODUCTION

This case arises from the termination of Plaintiff's employment by Citizens Mortgage Company in February 2003. Plaintiff worked as a loan officer for Citizens Mortgage Corporation in Massachusetts from the time she started working for the Company in 2001 until she was terminated from employment in 2003.

On or about November 6, 2003, Plaintiff filed a complaint alleging tortious misrepresentation, wrongful discharge, breach of implied covenant of good faith and fair dealing, and violation of M.G.L. c.149 §148, in the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Suffolk County, Case Number 03-05325-C. On November 12, 2003, Citizens was served with a Summons and Complaint, copies of which are attached hereto as Exhibits A. CFG is required to file a pleading in response to the Complaint on or before December 1, 2003.

LIBB/1220286.1

As Citizens more fully states below, removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction.

## II. DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. § 1332(a) this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Plaintiff is a citizen of the Commonwealth of Massachusetts who resides in Winthrop, Massachusetts.

Citizens Mortgage Corporation is a Rhode Island corporation, with its principal place of business in Providence, Rhode Island. CFG is a Rhode Island corporation with its principal place of business in Providence, Rhode Island. Defendant, therefore, is a citizen of the State of Rhode Island.

Plaintiff is claiming damages for loss of income, including commissions and benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering. Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

Because Plaintiff is a citizen of Massachusetts and Defendant is a citizen of Rhode Island, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

## III. OTHER REMOVAL MATTERS

Citizens reserves the right to amend or supplement this Notice of Removal.

There have been no pleadings served upon Citizens other than the Summons and Complaint.

LIBB/1220286.1                               2

This Notice of Removal is filed within 30 days of service upon Citizens of the Summons and Complaint in compliance with 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446(d), Citizens shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Suffolk County, Massachusetts, attaching a file stamped copy of this Notice of Removal.

Pursuant to 28 U.S.C. §§ 1332 and 1446 this action is removable to the United States District Court for the District of Massachusetts.

WHEREFORE, Citizens gives notice that *Eleanor Scalli v. Citizens Financial Group*, Superior Court Department of the Trial Court Civil Action Number 03-5325-C is removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorneys,

I HEREBY ATTEST AND CERTIFY ON
DEC. 2, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

Bradford J. Smith (BBO#550325)
Jeffrey S. Siegel (BBO# 647148)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Telephone: (617) 570-1000

Dated: December 1, 2003

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney(s) of record by JSiegel on December 1, 2003.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                   SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT

| ELEANOR SCALLI, |
| Plaintiff, |
| |
| v. |
| |
| CITIZENS FINANCIAL GROUP, INC. |
| Defendant. |

Civil Action No. 03-05325E

## NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

Please take notice that Citizens Financial Group, Inc. has this day filed in the United States District Court for the District of Massachusetts a Notice of Removal of the above-captioned case from the Commonwealth of Massachusetts, Superior Court, Suffolk County, to said United States District Court, pursuant to 28 U.S.C. §§ 1441 and 1446. A certified copy of the Notice is attached hereto.

Respectfully submitted,
CITIZENS FINANCIAL GROUP, INC.
By its attorneys,

_____
Bradford J. Smith, PC (BBO # 550325)
Jeffrey S. Siegel (BBO# 647148)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: December 1, 2003

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Filing Notice of Removal of Civil Action was sent by mail to counsel for plaintiff on December 1, 2003.

_____
Bradford J. Smith, PC

LIBB/1220281.1

MAS-20030912
guen
Case 1:03-cv-12413-DPW    Document 4    Filed 12/02/2003    Page 6 of 12
12/02/2003
09:41 AM

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2003-05325
### Scalli v Citizens Financial Group Inc

| | | | | | |
|---|---|---|---|---|---|
| File Date | 11/07/2003 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 12/02/2003 | Session | E - Civil E | | |
| Origin | 1 | Case Type | E99 - Miscellaneous | | |
| Lead Case | | Track | X | | |
| Service | 02/05/2004 | Answer | 04/05/2004 | Rule12/19/20 | |
| Rule 15 | | Discovery | | Rule 56 | |
| Final PTC | 05/05/2004 | Disposition | 06/04/2004 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Eleanor Scalli
Active 11/07/2003

**Private Counsel** 556166
Mark E Burke
111 South Bedford Street
Suite 208
Burlington, MA 01803-4870
Phone: 781-273-3801
Fax: 781-273-4117
Active 11/07/2003 Notify

**Defendant**
Citizens Financial Group Inc
Service pending 11/07/2003

**Private Counsel** 550325
Bradford J Smith
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109-2881
Phone: 617-570-1256
Fax: 617-523-1231
Active 12/02/2003 Notify

**Private Counsel** 647148
Jeffrey S. Siegel
Exchange Place
Boston Mass
Boston, MA 02109
Phone: 617-570-1000
Active 12/02/2003 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/07/2003 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 11/07/2003 | | Origin 1, Type E99, Track X. |
| 11/07/2003 | 2.0 | Civil action cover sheet filed |
| 12/01/2003 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Citizens Financial Group, Inc., U. S. Dist.#(03-CV-12413DPW). |
| 12/02/2003 | | Case REMOVED this date to US District Court of Massachusetts |

case01 232601 y y y y y y

I HEREBY ATTEST AND CERTIFY ON
DEC. 2, 2003 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO.:

*******************************************
ELEANOR SCALLI,
    Plaintiff,                                  03-5325E
v.
CITIZENS FINANCIAL GROUP, INC.,
    Defendant.
*******************************************

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action for damages and other relief arising out of the employment of the Plaintiff, Eleanor Scalli, by the Defendant, Citizens Financial Group, Inc. The claims include tortious misrepresentation, wrongful discharge in violation of public policy, breach of implied covenant of good faith and fair dealing, violation of M.G.L.c.149, §148 defamation, tortious interference with advantageous/contractual relations.

### PARTIES

2. Plaintiff, Eleanor Scalli is an adult resident of Winthrop, Massachusetts.

3. Defendant, Citizens Financial Group, Inc., is a Rhode Island corporation with its principal place of business in Providence, Rhode Island.

### JURISDICTION AND VENUE

4. The Massachusetts Superior Court has jurisdiction in this action because it arises from transactions occurring in Massachusetts and because the Defendant has sufficient minimum contacts with the Commonwealth of Massachusetts, thereby subjecting it to the personal jurisdiction of this Court pursuant to the Commonwealth's Long Arm Statute, M.G.L. c. 223A, §3.

## FACTUAL ALLEGATIONS

5. Beginning on or about February 22, 2001, Citizens Financial Group, Inc., (hereinafter, "Citizens") through its agents and employees, hired Ms. Scalli for the position of Loan Coordinator. Citizens gave Ms. Scalli, inter alia, promises and assurances, orally and in writing, regarding wages, promotions, bonuses and commissions as well as other benefits.

6. From February 22, 2001, until February 2003, Ms. Scalli consistently received commendations on her work performance, salary increases, commissions and individual performance bonuses as well as other benefits.

7. On or about February 4, 2003, Ms. Scalli's employment was terminated.

8. On the day she was terminated, Ms. Scalli was told that she had committed violations of policy.

9. The Defendant has failed, refused and neglected to provide any explanation of said violations.

10. Upon request, pursuant to M.G.L.c. 149, §52c the Defendant, Citizens provided a portion of employment documents, which make no reference to any violations.

11. Under the terms of the promises and assurances made to her during the course of her employment, Ms. Scalli was entitled to but has been denied commissions and other benefits due her.

12. After her termination, through its agents and employees, Citizens Financial Group, Inc. published false statements that exposed the Plaintiff to ridicule in her community.

## LEGAL CLAIMS
## COUNT I
### Wrongful Discharge in Violation of Public Policy

13. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 12.

14. Defendant's termination of Ms. Scalli and discharge is contrary to public policy.

15. As a result thereof, Ms. Scalli has suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities, and other losses including mental suffering.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

16. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 15.

17. Defendants have a duty to comply with the covenant of good faith and fair dealing.

18. Defendants have breached the covenant of good faith and fair dealing by failing to pay benefits and commissions.

19. The Plaintiff relied to her detriment on promises made by the Defendants.

20. As a result of the breach of the implied covenant of good faith and fair dealing, loss of benefits, loss of personal and professional reputation, loss of professional opportunities, and other losses.

## COUNT III
### Tortious Misrepresentation

21. The Plaintiff, hereby realleges the allegations set forth above in paragraphs 1 through 20.

22. The Defendant made false statements of material fact to Ms. Scalli regarding career advancement with the intent that Ms. Scalli thereon relied.

23. Ms. Scalli did so rely thereon to her detriment.

24. The false statements made were:

    (a) made as to facts susceptible of actual knowledge with knowledge of their untruth or with reckless disregard as to their truth;

    (b) promissory in nature but made with a present intent not to comply therewith;

    (c) promissory in nature and involved predictions as to future events;

    (d) the knowing utterance of untruths and/or;

    (e) made in breach of defendant's duty to exercise due care to reasonably determine that the statements made were true and accurate at the time they were made and that true and accurate statements were made to Ms. Scalli.

25. As a direct and proximate result of Defendant's misrepresentations, Ms. Scalli suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

## COUNT IV
### Violation of M.G.L. c. 149, §148

26. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 25.

27. The acts of the Defendant constitute violations of M.G.L.c. 149, §148.

28. As a result of the violations, the Plaintiff sustained injury including but not limited to loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses.

## COUNT V
### Tortious Interference with Advantages and/or Contractual Relations

29. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 28.

30. Citizens improperly interfered with Ms. Scalli's advantageous and/or contractual

relations with her new employer.

31. As a direct and proximate result of the Defendant's interference, Ms. Scalli suffered loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

## COUNT VI
### Defamation

32. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 31.

33. After her termination, through its agents and employees, Citizens Financial Group, Inc. published false statements that exposed the Plaintiff to ridicule in her community.

34. As a direct and proximate result of the defamatory statements Ms. Scalli suffered loss of personal and professional reputation and other losses including emotional distress and mental suffering.

WHEREFORE, the Plaintiff requests this Honorable Court to award her compensatory damages, attorney fees, costs and such other relief to which she is entitled and as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.**

Respectfully submitted,
The Plaintiff, Eleanor Scalli,
By her attorney,

Dated:

Mark E. Burke – BBO#556166
Law Office of Mark E. Burke
Corporate Place
111 South Bedford Street, Suite 208
Burlington, Massachusetts 01803
(781) 273-3801

I HEREBY ATTEST AND CERTIFY ON
DEC. 2, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
ASSISTANT CLERK.

**CIVIL ACTION COVER SHEET** | DOCKET NO. 03-5325 | **Trial Court of Massachusetts Superior Court Department**
County: _____

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Eleanor Scalli<br>233 Main St., Winthrop, MA 02152 | Citizen's Financial Group, Inc.<br>1 Citizen's Place, Providence, RI 02903 |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  BBO#556166<br>Mark E. Burke, Law Ofc of Mark E. Burke<br>111 So. Bedford, Suite 208, Burlington,<br>Board of Bar Overseers number: MA 01803 | ATTORNEY (if known)<br>Bradford J. Smith<br>Goodwin & Proctor<br>Exchange Place<br>Boston, MA 02109 |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E-99 | Breach of Implied Covenant of Good Faith and Fair Dealing | (X) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................. $
2. Total Doctor expenses .................... $
3. Total chiropractic expenses .............. $
4. Total physical therapy expenses .......... $
5. Total other expenses (describe) .......... $
   Subtotal $

B. Documented lost wages and compensation to date ... $
C. Documented property damages to date ............. $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ............... $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$
TOTAL $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The Plaintiff has suffered loss of income, loss of benefits, loss of pesonal and professional reputation, loss of professional opportunties and other losses including emotional distress and mental suffereng

TOTAL $53,000.00
(approx)

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 11/4/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON DEC. 2, 2003 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK