UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2003 DEC -8 ₱ 3: ₹0

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ELEANOR SCALLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 03-CV-12413DPW |
| | ) |
| CITIZENS FINANCIAL GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT CITIZENS FINANCIAL GROUP, INC.

For its Answer and Affirmative Defenses to the Complaint of Plaintiff, Eleanor Scalli,

Defendant Citizens Financial Group, Inc. ("Citizens") states as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint are made without waiving but expressly

reserving all rights that Defendant may have to seek relief by appropriate motions directed to the

allegations of the Complaint. Such motions include, but are not limited to, the Motion to

Dismiss Count III, Count IV, and Count VI of Plaintiff's Complaint, filed contemporaneously

with this Answer and Affirmative Defenses of Defendant. Defendant answers the allegations set

forth in the separately-numbered paragraphs of the Complaint as follows:

### "INTRODUCTION"

1.    Defendant denies all of the factual allegations of paragraph 1 of the Complaint,

entitled "Introduction." Defendant need not respond to Plaintiff's characterization of her claims.

## "PARTIES"

2.     Defendant is without knowledge or information sufficient to form a belief as to Eleanor Scalli's residence.

3.     Defendant admits that Citizens is a Rhode Island corporation with its principal place of business in Providence, Rhode Island.

## "JURISDICTION AND VENUE"

4.     Defendant need not respond to the legal averments set forth in paragraph 4 of the Complaint. To the extent that an answer is required, Defendant denies that Massachusetts Superior Court has jurisdiction in this action and states that the United States District Court for the District of Massachusetts has jurisdiction in this matter.

## "FACTUAL INVESTIGATIONS"

5.     Defendant admits that Eleanor Scalli was hired by the Citizens Mortgage Company, a subsidiary of Citizens, for the position of Senior Loan Originator on or about March 5, 2001. Citizens denies the remaining allegation contained in paragraph 5 of the Complaint.

6.     Defendant admits that Plaintiff received certain benefits in connection with her employment with Defendant. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7.     Defendant admits that Ms. Scalli's last day of employment was February 4, 2003.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.     Defendant admits that it provided certain personnel documents to Plaintiff's attorney pursuant to a request. The documents speak for themselves.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

## LEGAL CLAIMS

### COUNT I
### Wrongful Discharge and Violation of Public Policy

13.     Defendant hereby restates its responses set forth in paragraphs 1 through 12 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

### COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing

16.     Defendant hereby restates that it denies the allegations set forth in paragraphs 1 through 15 of the Complaint.

17.     Defendant need not respond to the legal averments set forth in paragraph 17 of the Complaint. To the extent that an answer is required, Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

### COUNT III
### Tortious Misrepresentation

21.     Defendant hereby restates that it denies the allegations set forth in paragraph 1 through 20 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant need not respond to the legal averments set forth in paragraph 24 of the Complaint.  To the extent that an answer is required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

COUNT IV
Violation of M.G.L. c. 149, §148

26.     Defendant hereby restates its responses to the allegations set forth in paragraphs 1 through 25.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

COUNT V
Tortious Interference with Advantages and/or Contractual Relations

29.     Defendant hereby restates its responses to the allegations set forth in paragraphs 1 through 28.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

COUNT VI
Defamation

32.     Defendant hereby restates its responses to the allegations set forth in paragraphs 1 through 31.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

LIBB/1219487.3

### THIRD DEFENSE

To the extent Plaintiff's claims are based on alleged adverse actions that occurred outside the applicable statute of limitations, her claims are barred.

### FOURTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

Any statements made by Defendant or its agents with respect to Plaintiff were true and/or privileged.

### SIXTH DEFENSE

Any disciplinary actions taken against Plaintiff by Defendant were administered with good cause based on Plaintiff's performance and conduct.

### SEVENTH DEFENSE

Plaintiff's claims failed for failure to satisfy procedural and/or jurisdictional prerequisites.

LIBB/1219487.3

## EIGHTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves all right to amend this Answer and assert such defense.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorneys,

Bradford J. Smith, P.C. (BBO #550325)
Jeffrey S. Siegel (BBO #647148)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: December 8, 2003

## CERTIFICATE OF SERVICE

I, Jeffrey S. Siegel, hereby certify that on December 8, 2003 a true copy of the foregoing Answer and Affirmative Defenses was served by First Class Mail Postage Prepaid upon Mark E. Burke

Law Offices of Mark E. Burke
Corporate Place
111 South Bedford Street, Suite 208
Burlington, MA 01803

Jeffrey S. Siegel

LIBB/1219487.3

GOODWIN | PROCTER

Jeffrey S. Siegel
617.570.1113
jsiegel@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

IN CLERKS OFFICE

2003 DEC -8 ₽ 3: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

December 8, 2003

**By Hand**

United States District Court
Office of the Clerk
United States Courthouse
One Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   **Eleanor Scalli v. Citizens Financial Group, Inc.**
      **Civil Action No. 03-CV-12413DPW**

Dear Sir or Madam:

I am enclosing the following for filing in connection with the above-referenced matter:

1.   Answer and Affirmative Defenses of Defendant Citizens Financial Group, Inc.;

2.   Motion To Dismiss Count III, Count IV, and Count VI of Plaintiff's Complaint; and

3.   Local Rule 7.1 Certification.

Please acknowledge receipt of the foregoing documents by date stamping a copy of this letter and returning it to our courier. Thank you for your assistance in this matter.

Very truly yours,

Jeffrey S. Siegel

JSS:nmg
Enclosures

cc:   Mark E> Burke, Esq.
      Bradford J. Smith, P.C.

LIBB/1222087.1