UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELEANOR SCALLI,
    Plaintiff,
v.                                                                CIVIL ACTION NO.: 03CV-12413DPW

CITIZENS FINANCIAL GROUP, INC.
    Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED VERIFIED COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action for damages and other relief arising out of the employment of the Plaintiff, Eleanor Scalli, by the Defendant, Citizens Financial Group, Inc. The claims include tortious misrepresentation, wrongful discharge in violation of public policy, breach of implied covenant of good faith and fair dealing, violation of M.G.L. c.149, §148 defamation, tortious interference with advantageous/contractual relations.

### PARTIES

2. Plaintiff, Eleanor Scalli is an adult resident of Winthrop, Massachusetts.

3. Defendant, Citizens Financial Group, Inc., is a Rhode Island corporation with its principal place of business in Providence, Rhode Island.

### JURISDICTION AND VENUE

4. The United States District Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

### FACTUAL ALLEGATIONS

5. Beginning on or about February 22, 2001, Citizens Financial Group, Inc., (hereinafter, "Citizens") through its agents and employees, hired Ms. Scalli for the position of Loan Coordinator. Citizens gave Ms. Scalli, inter alia, promises and assurances orally regarding bonuses and commissions as well as other benefits.

1

6. From February 22, 2001, until February 2003, Ms. Scalli consistently received commendations on her work performance, increases, commissions and individual performance bonuses as well as other benefits.

7. On or about February 4, 2003, Ms. Scalli's employment was terminated.

8. On the day she was terminated, Ms. Scalli was told that she had committed violations of policy.

9. The Defendant has failed, refused and neglected to provide any explanation of said violations.

10. Upon request, pursuant to M.G.L. c.149, §52c the Defendant, Citizens provided a portion of employment documents, which make no reference to any violations.

11. Under the terms of the promises and assurances made to her during the course of her employment, Ms. Scalli was entitled to but has been denied commissions and other benefits due her.

12. In her position as a Loan Coordinator, Ms. Scalli was a "top producer" in 2001 and 2002.

13. In February 2001, Ms. Scalli was promised a draw of one thousand dollars for every million dollars in sales that she generated in 2001 and 2002, which she never received.

14. In January 2003, Ms. Scalli was promised an all expense paid trip to Aruba for being a "top producer" in 2002.

15. Ms. Scalli was repeatedly promised during her employment additional support staff to increase her production and sales thereby increasing her commissions, which she never received.

16. In July 2002 Ms. Scalli was promised by her supervisor, Barden K. Conn, 10 bonus points on all of her sales, which she never received.

17. After her termination, through its agents and employees, Citizens Financial Group, Inc. published false statements that exposed the Plaintiff to ridicule in her community.

18. In February 2003 Victoria Noel of Citizens Bank communicated to Javier Pico and Danielle Felice that Ms. Scalli had been "indicted for bank fraud."

19. This false statement was repeatedly published to brokers and other professionals in Ms. Scalli's community exposing her to ridicule from February to June 2003.

20. Ms. Scalli has never been "indicted for bank fraud."

## LEGAL CLAIMS
## COUNT I
### Wrongful Discharge in Violation of Public Policy

21. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 20.

22. Defendant's termination of Ms. Scalli and discharge is contrary to public policy.

23. As a result thereof, Ms. Scalli has suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities, and other losses including mental suffering.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

24. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 23.

25. Defendants have a duty to comply with the covenant of good faith and fair dealing.

26. Defendants have breached the covenant of good faith and fair dealing by failing to pay benefits and commissions.

27. The Plaintiff relied to her detriment on promises made by the Defendants.

28. As a result of the breach of the implied covenant of good faith and fair dealing, loss of benefits, loss of personal and professional reputation, loss of professional opportunities, and other losses.

## COUNT III
### Tortious Misrepresentation

29. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 28.

30. The Defendant made false statements of material fact to Ms. Scalli regarding career advancement with the intent that Ms. Scalli thereon relied.

31. Ms. Scalli did so rely thereon to her detriment.

32. The false statements made were:

    (a) made as to facts susceptible of actual knowledge with knowledge of their untruth or with reckless disregard as to their truth;

    (b) promissory in nature but made with a present intent not to comply therewith;

    (c) promissory in nature and involved predictions as to future events;

    (d) the knowing utterance of untruths and/or;

    (e) made in breach of defendant's duty to exercise due care to reasonably determine that the statements made were true and accurate at the time they were made and that true and accurate statements were made to Ms. Scalli.

33. As a direct and proximate result of Defendant's misrepresentations, Ms. Scalli suffered loss of income, loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

## COUNT IV
### Violation of M.G.L. c. 149, §148

34. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 33.

35. The acts of the Defendant constitute violations of M.G.L. c.149, §148.

36. As a result of the violations, the Plaintiff sustained injury including but not limited to loss of benefits, loss of personal and professional reputation, loss of professional opportunities and other losses.

37. The Plaintiff filed a complaint with the Attorney General pursuant to M.G.L. c.149, §148 and received written authorization to institute a civil action on December 10, 2003.

## COUNT V
### Tortious Interference with Advantages and/or Contractual Relations

38. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 37.

39. Citizens improperly interfered with Ms. Scalli's advantageous and/or contractual relations with her new employer.

40. As a direct and proximate result of the Defendant's interference, Ms. Scalli suffered loss of personal and professional reputation, loss of professional opportunities and other losses including emotional distress and mental suffering.

## COUNT VI
### Defamation

41. The Plaintiff hereby realleges the allegations set forth above in paragraphs 1 through 40.

42. After her termination, through its agents and employees, Citizens Financial Group, Inc. published false statements that exposed the Plaintiff to ridicule in her community.

43. As a direct and proximate result of the defamatory statements Ms. Scalli suffered loss of personal and professional reputation and other losses including emotional distress and mental suffering.

WHEREFORE, the Plaintiff requests this Honorable Court to award her compensatory damages, attorney fees, costs and such other relief to which she is entitled and as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.**

Respectfully submitted,
The Plaintiff, Eleanor Scalli,
By her attorney,

Dated: 1/8/04

Mark E. Burke – BBO#556166
Law Office of Mark E. Burke
Corporate Place
111 South Bedford Street, Suite 208
Burlington, Massachusetts 01803
(781) 273-3801

## **VERIFICATION**

I, Eleanor Scalli, have read the attached Verified Complaint and hereby verify that the facts stated therein are true and are based upon my own personal knowledge, information and belief and I believe the facts to be true.

Signed this 5th day of January, 2004 under the pains and penalties of perjury.

*Eleanor Scalli*
Eleanor Scalli