UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SCALLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 03-CV-12413DPW |
| | ) |
| CITIZENS FINANCIAL GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT AND JURY DEMAND

For its Answer and Affirmative Defenses to the Amended Verified Complaint of Plaintiff, Robert Scalli, Defendant Citizens Financial Group, Inc. ("Citizens") states as follows:

### FIRST DEFENSE

Answers to each paragraph of the Amended Verified Complaint and Jury Demand ("Amended Complaint") are made without waiving but expressly reserving all rights that Defendant may have to seek relief by appropriate motions directed to the allegations of the Amended Complaint. Defendant answers the allegations set forth in the separately-numbered paragraphs of the Amended Complaint as follows:

"INTRODUCTION"

1.  Defendant denies all of the factual allegations of paragraph 1 of the Amended Complaint, entitled "Introduction." Defendant need not respond to Plaintiff's characterization of his claims.

LIBB/1229945.2

## "PARTIES"

2. Defendant is without knowledge or information sufficient to form a belief as to Robert Scalli's residence.

3. Defendant admits that Citizens is a Rhode Island corporation with its principal place of business in Providence, Rhode Island.

## "JURISDICTION AND VENUE"

4. Defendant states that the United States District Court for the District of Massachusetts has jurisdiction in this matter.

## "FACTUAL ALLEGATIONS"

5. Defendant admits that Robert Scalli was hired by the Citizens Mortgage Company, a subsidiary of Citizens, for the position of Loan Officer on or about March 5, 2001. Citizens denies the remaining allegations contained in paragraph 5 of the Amended Complaint.

6. Defendant admits that Plaintiff received certain benefits in connection with his employment with Defendant. Defendant denies the remaining allegations contained in paragraph 6 of the Amended Complaint.

7. Defendant admits that Plaintiff's last day of employment was on or about March 5, 2003. Defendant denies the remaining allegations contained in paragraph 7 of the Amended Complaint.

8. Defendant admits that Plaintiff's last day of employment was on or about March 5, 2003.

9. Defendant denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant admits that it produced documents to Mr. Scalli's attorney pursuant to a request. The documents speak for themselves.

11. Defendant denies the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Amended Complaint.

## LEGAL CLAIMS

### COUNT I
### Wrongful Discharge and Violation of Public Policy

13. Defendant hereby realleges its responses set forth in paragraphs 1 through 12.

14. Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

### COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing

16. Defendant hereby realleges its responses set forth in paragraphs 1 through 15.

17. Defendant need not respond to the legal averments contained in paragraph 17 of the Amended Complaint. To the extent that an answer is required, Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

LIBB/1229945.2

20. Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

### COUNT III
### Tortious Misrepresentation

21. Defendant hereby realleges its responses set forth in paragraphs 1 through 20.

22. Defendant denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant need not respond to the legal averments contained in paragraph 25 of the Amended Complaint. To the extent that an answer is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

### COUNT IV
### Violation of M.G.L. c. 149, §148

27. Defendant hereby realleges its responses to the allegations set forth in paragraphs 1 through 26 of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

## COUNT V
### Tortious Interference with Advantages and/or Contractual Relations

31. Defendant hereby realleges its responses to the allegations set forth in paragraphs 1 through 30 of the Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

## COUNT VI
### Defamation

34. Defendant hereby realleges its responses to the allegations set forth in paragraphs 1 through 33 of the Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Amended Complaint.

## SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

To the extent Plaintiff's claims are based on alleged adverse actions that occurred outside the applicable statute of limitations, his claims are barred.

## FOURTH DEFENSE

The Amended Complaint is barred, in whole or in part, by the doctrine of laches.

## FIFTH DEFENSE

Any statements made by Defendant or its agents with respect to Plaintiff were true and/or privileged.

## SIXTH DEFENSE

Any disciplinary actions taken against Plaintiff by Defendant were administered with good cause based on Plaintiff's performance and conduct.

## SEVENTH DEFENSE

Plaintiff's claims failed for failure to satisfy procedural and/or jurisdictional prerequisites.

## EIGHTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves all right to amend this Answer and assert such defense.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorneys,

_____
Bradford J. Smith P.C. (BBO #550325)
Jeffrey S. Siegel (BBO #647148)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: February 2, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2004 a true copy of the foregoing Answer and Affirmative Defenses was served by First Class Mail Postage Prepaid upon Nicholas J. DiMauro

Law Offices of Nicholas J. DiMauro
Corporate Place
111 South Bedford Street, Suite 208
Burlington, MA 01803.

_____