## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ELEANOR SCALLI, and,**
**ROBERT SCALLI**
    **Plaintiffs,**
**v.**                                       **CIVIL ACTION NO.: 03CV-12413DPW**

**CITIZENS FINANCIAL GROUP, INC.**
    **Defendant.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### JOINT CONSOLIDATED COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    This is an action for damages and other relief arising out of the employment of the

Plaintiffs, Eleanor Scalli and Robert Scalli, by the Defendant, Citizens Financial Group,

Inc.  The claims include tortious misrepresentation, wrongful discharge in violation of

public policy, breach of implied covenant of good faith and fair dealing, violation of

M.G.L. c.149, §148 defamation, tortious interference with advantageous/contractual

relations.

### PARTIES

2.    The Plaintiffs, Eleanor Scalli and Robert Scalli are adults residing in Winthrop,

Massachusetts.

3.    Defendant, Citizens Financial Group, Inc., is a Rhode Island corporation with its

principal place of business in Providence, Rhode Island.

### JURISDICTION AND VENUE

4.    The United States District Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

1

**FACTUAL ALLEGATIONS**

5.    Beginning on or about February 22, 2001, Citizens Financial Group, Inc., (hereinafter, "Citizens") through its agents and employees, hired Eleanor and Robert Scalli for the positions of Loan Coordinators.  Citizens gave Eleanor and Robert Scalli, inter alia, promises and assurances orally and in writing regarding bonuses, commissions, and wages as well as other benefits.

6.    From February 22, 2001, until February 2003, Ms. Scalli consistently received commendations on her work performance, increases, commissions and individual performance bonuses as well as other benefits.

7.    From February 22, 2001, until February 2003, Mr. Scalli consistently received commendations on his work performance, salary assurances and promises of future bonuses as well as other benefits.

8.    On or about February 4, 2003, Ms. Scalli's employment was terminated.

9.    On or about February 2003, Mr. Scalli was suspended without cause.

10.   On the day she was terminated, Ms. Scalli was told that she had committed violations of policy.

11.   March, 2003, Mr. Scalli's employment was terminated.

12.   The Defendant has failed, refused and neglected to provide any explanation to Ms. Scalli of said violations.

13.   The Defendant has failed, refused and neglected to provide any specific details to Mr. Scalli explaining said termination.

14.   Upon request, pursuant to M.G.L. c.149, §52c the Defendant, Citizens, provided a portion of employment documents, which make no reference to any violations.

15.  Under the terms of the promises and assurances made to her during the course of her employment, Ms. Scalli was entitled to but has been denied commissions and other benefits due her.

16.  Under the terms of the promises and assurances made to him during the course of his employment, Mr. Scalli was entitled to but has been denied wages and other benefits due him.

17.  In her position as a Loan Coordinator, Ms. Scalli was a "top producer" in 2001 and 2002.

18.  In February 2001, Ms. Scalli was promised a draw of one thousand dollars for every million dollars in sales that she generated in 2001 and 2002, which she never received.

19.  In January 2003, Ms. Scalli was promised an all expense paid trip to Aruba for being a "top producer" in 2002.

20.  Ms. Scalli was repeatedly promised during her employment additional support staff to increase her production and sales thereby increasing her commissions, which she never received.

21.  In July 2002 Ms. Scalli was promised by her supervisor, Barden K. Conn, 10 bonus points on all of her sales, which she never received.

22.  After their termination, through its agents and employees, Citizens Financial Group, Inc. published false statements that exposed the Plaintiff to ridicule in her community.

23.  On or about February 6, 2003 through June 2003 Victoria Noel of Citizens Bank during communication with Javier Pico and Danielle Felice stated that Eleanor and Robert Scalli had been "indicted for bank fraud."

24.  This false statement was repeatedly published to brokers and other professionals in the Scalli's community exposing them to ridicule from February to June 2003.

25.    The Plaintiffs have never been "indicted for bank fraud."

## LEGAL CLAIMS
## COUNT I
### Wrongful Discharge in Violation of Public Policy

26.    The Plaintiffs hereby reallege the allegations set forth above in paragraphs 1 through 25.

27.    Defendant's termination of Eleanor and Robert Scalli and discharge is contrary to public

policy.

28.    As a result thereof, Eleanor and Robert Scalli have suffered loss of income, loss of

benefits, loss of personal and professional reputation, loss of professional opportunities,

and other losses including mental suffering.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

29.    The Plaintiffs hereby reallege the allegations set forth above in paragraphs 1 through 28.

30.    Defendants have a duty to comply with the covenant of good faith and fair dealing.

31.    Defendants have breached the covenant of good faith and fair dealing by failing to pay

benefits and commissions.

32.    The Plaintiffs relied to their detriment on promises made by the Defendants.

33.    As a result of the breach of the implied covenant of good faith and fair dealing, loss of

benefits, loss of personal and professional reputation, loss of professional opportunities,

and other losses.

## COUNT III
### Tortious Misrepresentation

34.    The Plaintiffs hereby reallege the allegations set forth above in paragraphs 1 through 33.

35.    The Defendant made false statements of material fact to Eleanor and Robert Scalli

regarding career advancement with the intent that Eleanor and Robert Scalli thereon

relied.

36.    Eleanor and Robert Scalli did so rely thereon to their detriment.

37.    The false statements made were:

(a)    made as to facts susceptible of actual knowledge with knowledge of their untruth

or with reckless disregard as to their truth;

(b)    promissory in nature but made with a present intent not to comply therewith;

(c)    promissory in nature and involved predictions as to future events;

(d)    the knowing utterance of untruths and/or;

(e)    made in breach of defendant's duty to exercise due care to reasonably determine

that the statements made were true and accurate at the time they were made and

that true and accurate statements were made to Eleanor and Robert Scalli.

38.    As a direct and proximate result of Defendant's misrepresentations, Eleanor and Robert

Scalli suffered loss of income, loss of benefits, loss of personal and professional

reputation, loss of professional opportunities and other losses including emotional

distress and mental suffering.

**COUNT IV**
**Violation of M.G.L. c. 149, §148**

39.    The Plaintiffs hereby reallege the allegations set forth above in paragraphs 1 through 38.

40.    The acts of the Defendant constitute violations of M.G.L. c.149, §148.

41.    As a result of the violations, the Plaintiffs sustained injury including but not limited to

loss of benefits, loss of personal and professional reputation, loss of professional

opportunities and other losses.

42.     The Plaintiffs filed a complaint with the Attorney General pursuant to M.G.L. c.149,

§148 and received written authorization to institute a civil action on December 10, 2003.

## COUNT V
## Tortious Interference with Advantageous and/or Contractual Relations

43.     The Plaintiffs hereby reallege the allegations set forth above in paragraphs 1 through 42.

44.     Citizens improperly interfered with Eleanor and Robert Scalli's advantageous and/or

contractual relations with their new employer.

45.     As a direct and proximate result of the Defendant's interference, Eleanor and Robert

Scalli suffered loss of personal and professional reputation, loss of professional

opportunities and other losses including emotional distress and mental suffering.

## COUNT VI
## Defamation

46.     The Plaintiffs hereby reallege the allegations set forth above in paragraphs 1 through 45.

47.     After their termination, through its agents and employees, Citizens Financial Group, Inc.

published false statements that exposed the Plaintiffs to ridicule in their community.

48.     As a direct and proximate result of the defamatory statements, Eleanor and Robert Scalli

suffered loss of personal and professional reputation and other losses including emotional

distress and mental suffering.

WHEREFORE, the Plaintiffs request this Honorable Court to award them compensatory

damages, attorney fees, costs and such other relief to which they are entitled and as the Court

deems just and proper.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.**

Respectfully submitted,
The Plaintiffs,
Eleanor Scalli and
Robert Scalli
By their attorneys,


/s/ Mark E. Burke

Dated: _____

Mark E. Burke – BBO#556166
Law Office of Mark E. Burke
111 South Bedford Street, Suite 208
Burlington, Massachusetts 01803
(781) 273-3801

/s/ Nicholas J. Di Mauro

Dated: _____

Nicholas J. Di Mauro – BBO#556166
Law Offices of Nicholas J. Di Mauro
111 South Bedford Street, Suite 208
Burlington, Massachusetts 01803
(781) 273-3801