UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELEANOR SCALLI and ROBERT SCALLI,<br><br>Plaintiffs,<br><br>v.<br><br>CITIZENS FINANCIAL GROUP, INC.<br><br>Defendant. | Civil Action No. 03-12413-DPW |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' JOINT CONSOLIDATED COMPLAINT AND JURY DEMAND**

For its Answer and Affirmative Defenses to the Joint Consolidated Complaint and Jury Demand, Defendant Citizens Financial Group, Inc. ("Citizens") states as follows:

**FIRST DEFENSE**

Answers to each paragraph of the Joint Consolidated Complaint and Jury Demand ("Consolidated Complaint") are without waiving but expressly reserving all rights that Defendant may have to seek relief by appropriate motions directed to the allegations of the Consolidated Complaint. Defendant answers the allegations set forth in the separately-numbered paragraphs of the Consolidated Complaint as follows:

**"INTRODUCTION"**

1.  Defendant denies all of the factual allegations of Paragraph 1 of the Consolidated Complaint, entitled "Introduction". Defendant need not respond to Plaintiffs' characterization of their claims.

**"PARTIES"**

2.  Defendant is without knowledge or information sufficient to form a belief as to Eleanor and/or Robert Scalli's residence.

3. Defendant admits that Citizens is a Rhode Island corporation with its principal place of business in Providence, Rhode Island.

## "JURISDICTION AND VENUE"

4. Defendant states that the United States District Court for the District of Massachusetts has jurisdiction in this matter.

## "FACTUAL ALLEGATIONS"

5. Defendant admits that Plaintiffs were hired by the Citizens Mortgage Company, a subsidiary of Citizens, on or about March 5, 2001. Citizens admits that Plaintiffs were promised wages and other benefits for their services. Citizens denies the remaining allegations contained in Paragraph 5 of the Consolidated Complaint.

6. Defendant admits that Ms. Scalli received certain benefits in connection with her employment with Defendant. Defendant denies the remaining allegations contained in Paragraph 6 of the Consolidated Complaint.

7. Defendant admits that Mr. Scalli received certain benefits in connection with his employment with Defendant. Defendant denies the remaining allegations contained in Paragraph 7 of the Consolidated Complaint.

8. Defendant admits that Ms. Scalli's last date of employment was February 4, 2003.

9. Defendant admits that Plaintiff's last date of employment was on or about March 5, 2003. Defendant denies the remaining allegations contained in Paragraph 9 of the Consolidated Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Consolidated Complaint.

11. Defendant admits that Mr. Scalli's employment was terminated in March 2003.

12. Defendant denies the allegations contained in Paragraph 12 of the Consolidated Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Consolidated Complaint.

14. Defendant admits that it produced documents to Plaintiffs' respective counsel pursuant to separate requests. The documents speak for themselves.

15. Defendant denies the allegations contained in Paragraph 15 of the Consolidated Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Consolidated Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Consolidated Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Consolidated Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Consolidated Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Consolidated Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Consolidated Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Consolidated Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Consolidated Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Consolidated Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Consolidated Complaint.

**"LEGAL CLAIMS"**
Count I
Wrongful Discharge and Violation of Public Policy

26. Defendant hereby restates its responses to the allegations set forth in Paragraphs 1 through 25 of the Consolidated Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Consolidated Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Consolidated Complaint.

Count II
Breach of the Implied Covenant of Good Faith and Fair Dealing

29. Defendant hereby restates its responses set forth in Paragraphs 1 through 28 of the Consolidated Complaint.

4

30. Defendant need not respond to the legal averments set forth in Paragraph 30 of the Consolidated Complaint. To the extent that an answer is required, Defendant denies the allegations contained in Paragraph 30 of the Consolidated Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Consolidated Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Consolidated Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Consolidated Complaint.

## Count III
### Tortious Misrepresentation

34. Defendant hereby restates its responses to the allegations set forth in Paragraphs 1 through 33 of the Consolidated Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Consolidated Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Consolidated Complaint.

37. Defendant need not respond to the legal averments set forth in Paragraph 37 of the Consolidated Complaint. To the extent that an answer is required, Defendant denies the allegations contained in Paragraph 37 of the Consolidated Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Consolidated Complaint.

5

Count IV
<u>Violation of M.G.L. c. 149, §148</u>

39. Defendant hereby restates its responses to the allegations set forth in Paragraphs 1 through 38 of the Consolidated Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Consolidated Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Consolidated Complaint.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 42 of the Consolidated Complaint.

Count V
<u>Tortious Interference with Advantageous and/or Contractual Relations</u>

43. Defendant hereby restates its responses to the allegations set forth in Paragraphs 1 through 42 of the Consolidated Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Consolidated Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Consolidated Complaint.

Count VI
<u>Defamation</u>

46. Defendant hereby restates its responses to the allegations set forth in Paragraphs 1 through 45 of the Consolidated Complaint.

LIBB/1246134.2

47. Defendant denies the allegations contained in Paragraph 47 of the Consolidated Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Consolidated Complaint.

## SECOND DEFENSE

The Consolidated Complaint failed to state a claim upon which relief can be granted.

## THIRD DEFENSE

To the extent Plaintiffs' claims are based on alleged adverse actions that occurred outside the applicable statute of limitations, their claims are barred.

## FOURTH DEFENSE

The Consolidated Complaint is barred, in whole or in part, by the doctrine of laches.

## FIFTH DEFENSE

Any statements made by Defendant or its agents with respect to Plaintiffs were true and/or privileged.

## SIXTH DEFENSE

Any disciplinary action(s) taken against Plaintiffs by Defendant was administered with good cause based on the performance and conduct of Plaintiff(s).

## SEVENTH DEFENSE

Plaintiffs' claims fail for failure to satisfy procedural and/or jurisdictional prerequisites.

## EIGHTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves all right to amend this Answer and assert such defense.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorneys,

s/Jeffrey S. Siegel
_____
Bradford J. Smith (BBO 550325)
Jeffrey S. Siegel (BBO 647148)
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated:   April 9, 2004

LIBB/1246134.2