UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELEANOR SCALLI and ROBERT SCALLI | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. NO. 03CV-12413DPW |
| CITIZENS FINANCIAL GROUP, INC. | ) ) ) | |
| Defendant. | ) | |

**CONFIDENTIALITY STIPULATION**

It is hereby stipulated and agreed to among the parties, through their respective counsel, that certain information produced in discovery, marked for identification, and/or introduced into evidence during this proceeding may be designated "confidential information" by any party to this action. When so identified by any party hereto, in accordance with this Agreement, such information shall be deemed to be confidential and shall not be disclosed, except as set forth herein.

1. "Confidential Information" as used herein shall include (a) confidential, personal, business, medical or financial information of any party; (b) a trade secret, proprietary or other confidential research, development, financial, or commercial information, or the like; and/or (c) any information in the custody, possession, or control of a party, the disclosure of which, absent this Confidentiality Agreement, could constitute an unreasonable violation of any third party's right of privacy or otherwise violate an obligation of confidentiality that such party owes to a third party. "Confidential Information" may be in any form, including documents, answers to interrogatories, answers to requests for admissions, deposition testimony, and the like. "Confidential Information"

1

shall not include material publicly disclosed by or at the direction of the party asserting that such information is confidential.

2. The existence of this Confidentiality Agreement shall in no way limit or circumscribe the rights of the parties to withhold information on the basis of privilege, including, but not limited to, attorney work product, the attorney-client privilege, or any other evidentiary privilege. A purpose of this Confidentiality Agreement is to encourage the parties to this action to produce documents without the need for intervention by the Court.

3. When any person produces in this proceeding any material which is asserted by any party to contain or constitute "Confidential Information," the party asserting confidentiality shall promptly designate in writing that the material is confidential, and the material itself shall be marked "Confidential." "Confidential Information" adduced in testimony shall be identified on the record as confidential.

4. "Confidential Information" submitted in accordance with the provisions of this Agreement shall not be made available to any person designated in paragraphs 5 or 6 below unless such person agrees:

    a. to be bound by the terms hereof; and

    b. to maintain such "Confidential Information" in confidence; and

    c. not to reveal the "Confidential Information" to anyone other than persons designated by this Agreement as proper recipients; and

    d. to use such Confidential Information solely for the purposes of this proceeding.

5. Material designated by the Plaintiffs as "Confidential Information" may be disclosed only to:

      a.    attorneys representing the Defendants and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding; and

      b.    consultants, advisors, or experts retained by the Defendants, but only for purposes of this proceeding; and

      c.    the Defendants or any of its officers, directors, in-house counsel, or employees thereof, but only for purposes of this proceeding; and

      d.    non-party deponents.

6.    Material designated by the Defendants as "Confidential Information" may be disclosed only to:

      a.    attorneys representing the Plaintiffs in this proceeding and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding; and

      b.    consultants, advisors, or experts retained by the Plaintiff in this proceeding, but only for purposes of this proceeding; and

      c.    the Plaintiff, but only for purposes of this proceeding; and

      d.    non-party deponents.

7.    Nothing in this Confidentiality Agreement shall limit or restrict the business or other purposes for which a party may use his/her/its own documents or other material designated as "Confidential Information."

8.    If a party who is a recipient of any "Confidential Information" submitted in accordance with this Agreement disagrees to such designation in full or in part, such party shall notify all other parties, whereupon the parties shall confer in good faith in an effort to resolve the

status of the subject information. If before or at the time of such conference the designating party withdraws the "Confidential" designation of such information, such designating party shall express that withdrawal by written notice submitted to the other parties. If the parties are unable to resolve the asserted confidential status of any information, any party may raise the issue of confidential status for determination by the Court. Nothing in this Agreement shall abridge the right of any party to seek judicial review or relief with respect to any ruling that the Court may make.

9. Within 10 days of the final termination of this litigation, including all appeals and periods for filing appeals, each person subject to this Confidentiality Agreement shall assemble and return all items (and copies thereof) containing or disclosing "Confidential Information" that were submitted in accordance with this Agreement, exclusive of any notes or any other attorney work product that may have been placed thereon by counsel for the receiving party. All copies containing any such notes or other attorney work product shall be destroyed. Receipt of the returned material shall be acknowledged in writing.

10. After termination of this litigation, any party wishing to have any document or other material previously marked as "Confidential Information" released from its confidential status over the objection of the designating party shall remain bound by this Agreement unless released from the obligation of this Agreement by the Court after notice to the designating party.

11. Any non-party to this action who shall be called upon to make discovery herein or provide deposition or other testimony shall be entitled to avail himself/herself/itself of the provisions and protections of this Confidentiality Agreement by written notice invoking the specific terms

hereof and by making production consistent with it. By doing so, such non-party shall assume the duties and obligations imposed by this Agreement.

Respectfully submitted,

| ELEANOR SCALLI | CITIZENS FINANCIAL GROUP, INC. |
|---|---|
| By her attorney, | By its attorneys, |
| s/ Mark Burke (JSS) | s/ Jeffrey S. Siegel |
| _____ | _____ |
| Mark E. Burke (BBO #556166) | Bradford J. Smith, P.C. (BBO #550325) |
| Law Office of Mark E. Burke | Jeffrey S. Siegel (BBO #647148) |
| Corporate Place | GOODWIN PROCTER LLP |
| 111 South Bedford Street, Suite 208 | Exchange Place |
| Burlington, MA 01803 | Boston, MA 02109-2881 |
| (781) 273-3801 | 617.570.1000 |

ROBERT SCALLI

By his attorney,

s/ Nicholas J. DiMauro (JSS)
_____
Nicholas J. DiMauro (BBO #564241)
Law Office of Nicholas J. DiMauro
Corporate Place
111 South Bedford Street, Suite 208
Burlington, MA 01803
(781) 273-3801

DATED: August ___, 2004


SO ORDERED; this ____ day of _____, 2001.


_____
Patti B. Saris, J.

5

6