# EXHIBIT 7

COPY

VOLUME: I
PAGES:  1-169
EXHIBITS:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - x

ELEANOR SCALLI and ROBERT **SCALLI**,

     **Plaintiffs**

  **vs.**

CITIZENS FINANCIAL **GROUP**, INC.

     Defendant

- - - - - - - - - - - - - - - - - - - x

     DEPOSITION of ELIZABETH **M. WALSH**, a witness
**called** on **behalf** of the **Plaintiffs**, taken pursuant
to the **Federal** Rules of **Civil** Procedure before
**Kathleen** A. Gardner, Registered **Professional**
Reporter and Notary **Public** in and for the
**Commonwealth** of **Massachusetts**, at the Law offices
of Mark E. **Burke**, 111 South Bedford Street,
Burlington, **Massachusetts**, on Tuesday, **April** 26,
2005, commencing at 9:20 a.m.

BRAMANTI & LYONS COURT REPORTING,  INC.
REGISTERED PROFESSIONAL REPORTERS
92 STATE STREET,  8TH FLOOR
BOSTON, MASSACHUSETTS 02109
TEL:  617.723.7321 **/ FAX:**  617.723.7322
**www.bramanti-lyons.com**

1        APPEARANCES:

2          Mark E. Burke, Esq.
             Law Offices of Mark E. Burke
3            111 South Bedford **Street,** Suite 208
             **Burlington,** Massachusetts 01803
4            for the Plaintiffs

5          Anne M. Gaeta, Esq.
             Goodwin Proctor LLP
6            Exchange **Place**
             Boston, Massachusetts 02109
7            for the Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24



                              INDEX

     Testimony of:                                    Page

        ELIZABETH WALSH

          Examination by Mr. Burke                        4


                          Exhibits

     No.                    Description              For Iden.

       1    E-mails dated 1/31/03, 2/3/03, and           96
            2/4/03

       2    E-mail  dated  1/17/03                       137

       3    Barbosa File                                148

                              ————

DEPOSITION OF ELIZABETH M. WALSH

1    Q.    At any time.

2    A.    I **wouldn't** have remembered the name before the

3          document was shown to me.    I **recalled** there being

4          an issue with the loan two years ago, but the

5          specifics I did not remember.

6    Q.    And did the e-mail and/or the **declination letters,**

7          did that refresh your **recollection** as to your

8          **familiarity** with the Barbosa name?

9    A.    The **e-mail** did somewhat.

10   Q.    To what extent?

11   A.    I remembered the **circumstances** of there being an

12         issue with the loan two years ago.

13   Q.    What was the issue?

14   A.    That a realtor had **called** our office wanting to

15         know the reason for the **denial** on the loan, and

16         Bard Conn had **called** me to **pull** the file so that I

17         **could** go over the specifics, so he **could** then speak

18         with the realtor; and when I **pulled** the **file,** the

19         **loan** was not **declined.**    It was approved.

20               And I **told** him that, and that was the

21         extent of the **conversation,** that I **recall.**

22   Q.    You received a communication from a **realtor?**    Did

23         you receive that **communication?**

24   A.    No.

1    A.    They were **less** frequent.

2    Q.    Now, what was your first position at Citizens

3          Mortgage Corporation?

4    A.    I was the operations manager for the State of

5          **Massachusetts.**

6    Q.    And what were your **responsibilities** as operations

7          manager for the State of Massachusetts?

8    A.    To manage the **pipeline** of **loans** originated in the

9          State of **Massachusetts,** processing, **underwriting,**

10         and **closing.**

11   Q.    You were testifying **previously** regarding the

12         mortgage-origination process, **specifically** as to

13         how a **file,** and **particularly** the Barbosa **file,**

14         **would** come into the operations center through the

15         originator, and so on.

16                And you testified -- and correct me if **I'm**

17         wrong -- that the file **would** first come to

18         origination, correct?

19   A.    The **file** began in origination.

20   Q.    **Okay.** And it **would** come **electronically** --

21   A.    Correct.

22   Q.    -- into the operations center, correct?

23   A.    Correct.

24   Q.    And then the physical **file would** be overnighted to,

DEPOSITION OF ELIZABETH M. WALSH

```
1    A.    Correct, for the particular product.

2    Q.    What else?  Anything else?

3                MS. GAETA:  Objection.

4    Q.    You can answer, ma'am.  What else would the

5          decision be based upon, the credit decision be

6          based upon, other than the guidelines?

7    A.    It wouldn't be based on anything else.

8    Q.    And what would happen after underwriting reviewed

9          the loan file?

10   A.    If it were approved?

11   Q.    If it were approved.

12   A.    An approval condition sheet would be written up by

13         the underwriter.  The underwriter would sign the

14         approval, and the file would be returned to the

15         processor for preparation of the commitment letter.

16   Q.    Now, do you know if the Barbosa loan was approved?

17   A.    I believe I testified that the loan was approved

18         when I reviewed the file at Bard's request, so it

19         was approved.

20   Q.    Was there one loan or two loans relative to the

21         Barbosa loan?

22   A.    I recall that it was submitted under a first and

23         second mortgage product.

24   Q.    And was the second mortgage approved as well?
```

DEPOSITION OF ELIZABETH M. WALSH

1    A.    As I recall.

2    Q.    What is the basis of that testimony?

3    A.    The basis of that testimony is that I recalled Bard

4          calling me about the file and wanting to know why

5          it was declined.

6                And so when I pulled the file, the loan was

7          approved.  I wouldn't have had that recollection if

8          the second mortgage were declined.

9    Q.    Well, did you review the entire file?

10   A.    I don't recall.

11   Q.    Would you be in the habit of telling your

12         supervisor that a loan was approved when you hadn't

13         reviewed the entire file?

14               MS. GAETA:   Objection.

15               MR. BURKE:   What's the basis of that

16         objection?

17               MS. GAETA:   The basis of that objection is

18         the characterization, the form of the question.   Is

19         she in the habit?   What does that mean?

20   Q.    Do you understand the question, ma'am?

21   A.    I would like more specifics.

22   Q.    Is it your custom and practice, ma'am, to inform

23         your supervisor that a loan has been approved when

24         you haven't reviewed the entire file?

1    the **file** or no?

2  A.    No.

3  Q.    What was the substance of the communication?

4  A.    The substance of the communication was that Bard

5        inquired as to why the **loan** was **denied**.  So I

6        **pulled** the file and opened the **file** and saw a

7        commitment **letter** and said the **loan** was approved.

8  Q.    Was that the extent of your review of the file,

9        that you saw a commitment **letter**, and you looked no

10        further in the file?

11  A.    I **don't recall specifically**.

12  Q.    So when Mr. Conn inquired of you as to why a

13        **decline** had been issued, did he instruct you to

14        review the **file**, or did you do that on your own?

15  A.    I **don't recall**.

16  Q.    Did you have any conversations with Mrs. **Scalli**

17        regarding the commitment **letter** that you're

18        referring to?

19  A.    Not that I **recall**.

20  Q.    After you **looked** at the **file** and saw a commitment

21        letter, you reported back to Bard Conn, correct?

22  A.    That I saw a commitment letter?

23  Q.    Yes.

24  A.    Yes.



**CITIZENS**
MORTGAGE CORPORATION

January    9   2003

Re:    331 PARIS STREET
EAST BOSTON, MA   02128

Dear Borrower(s): JEAN **BARBOSA**

We are pleased to inform you that your application for a mortgage has been approved. Accordingly, CITIZENS MORTGAGE CORPORATION offers you the mortgage loan detailed below.    *Eleanor*

After you accept this offer, it will be an agreement between this lender and you. Any other agreement that may exist is replaced by this agreement. No change in the terms of conditions of this agreement shall be effective, nor will it bind CITIZENS MORTGAGE CORPORATION in any way unless the change is in writing and is signed by an officer of the Lender. The terms and conditions are set forth below. If you do not comply with any one or more of these terms or if any one or more of the conditions outlined on page 4 are not fulfilled then this lender will not be required to make this mortgage loan to you.

| | | | |
|---|---|---|---|
| Program Type: | FIXED | | |
| Loan Amount: | $    244,000.00 | | |
| Term: | 360 | | |
| Interest Rate: | **8.875** | | |
| Principal and Interest: | $  1941.37 | | |
| Real Estate Taxes: | **Not** Required | | |
| Hazard Insurance Escrow: | Not Required | | |
| Discount Fee: | $ | (        ) | To be collected from you at closing |
| Mortgage Insurance: | | | |
| Monthly Escrow: | $ | Monthly | |
| Initial MI Premium | $ | (       %) | To be collected from you at closing |
| One-Time MIP | $ | | |

Rate Lock Option
[ **x** ] The rate on your mortgage request will expire on   01/21/03          . In the event the loan fails to close and disburse by this date, the interest rate in effect (7) seven calendar days prior to closing or the originally committed rate whichever is higher, shall be assigned.

[    ] The rate of interest of your loan has not yet been established. You have chosen to be subject to rates established after the date of this commitment and prior to the closing as described in the Rate/points Lock-In Option that you signed. By accepting this commitment, you agree that the rate will be set prior to the closing.

Interest Rate Adjustment
[    ] The interest rate on your loan may be adjusted on
and every        months thereafter.

Your interest rate will be based upon the weekly average yield on United States Treasury Securities adjusted to a constant maturity of        year(s) (for index), plus our margin. The Index is obtained from the FRBSR (H15) S19. Information about the index is published weekly in The Wall Street Journal.

The Adjustments in your interest rate are limited and cannot be adjusted more than                percentage points for each adjustment period, or more than                percentage points over the life of the loan.

1

CMCOM (REV 11/01)

C03933
CONFIDENTIAL

Your initial rate is a low "discount" rate, and it will expire in _____ months. Your new interest rate will be based on the rate adjustment index indicated above plus a margin of _____ percentage points. When your initial interest rate expires the amount of your principal and interest payment may **increase**. Adjustments will be limited if so indicated above.

The minimum rate adjustment will be **one-eigth** of one percent (.125%). The new rate will be rounded to the nearest one-eigth percent. At each interest rate adjustment, you will be given at least 30, but no more than 45 days, notice of the new rate and when it will take effect. You will also be notified if no change in the rate is to take place. Your monthly payment will be adjusted so that the loan will be fully paid at maturity of the loan.

Mortgage **Insurance**
[    ] Mortgage insurance must be approved and issued by a mortgage insurance **company**. You will pay the first year's premium at the time of closing and monthly escrow payments for annual renewal premiums, or the entire amount may be financed along with your loan.

Construction or Renovation
[    ] If the property to be mortgaged is a new construction or substantial renovation, completion of work must be verified by this **lendor** before **closing**. The final appraisal of the property may not be less than $ _____ , and will be subject to review and approval by an underwriter of   CITIZENS MORTGAGE CORPORATION

Assumption of **Your** Mortgage
[ C ] If all or any part of the property or any interest in it is sold or transferred without Lender's prior written consent, Lender may at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of the Security Instrument.

If this is an adjustable rate mortgage loan the Lender also shall not exercise this option if : (a) Borrower caused to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee, **and** (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in the Security Instrument is acceptable to Lender; and (c) You have not exercised your option to convert this loan to a fixed rate loan. Lender may charge a reasonable fee as a condition to **Lender's** consent to the loan assumption.

Expiration or Extension
This commitment will expire on   03/12/03                   . If for any reason the closing of your loan does not occur by that time, the obligation of   CITIZENS MORTGAGE CORPORATION
in this commitment will cease to have any legal force or effect. Any extension of this commitment will be within the sole discretion of CITIZENS MORTGAGE CORPORATION

If this commitment is extended,      CITIZENS MORTGAGE CORPORATION      will have the right to **change** any of the terms specified above, including the interest rate.

**Accuracy** of **your** Application
This offer and agreement are made in reliance on the accuracy and completeness of **all** information submitted in your loan application. **Verification** of the completeness and accuracy of all such information is a precondition to any obligation on the part of **CITIZENS MORTGAGE CORPORATION to close this loan.**

No **Secondary** Financing
You may not use secondary financing in addition to your loan from this Lender to complete the purchase of the property described above unless it is approved in writing by an officer of this Lender.

2

CMCOM1 (REV 2/96)

C03934
CONFIDENTIAL

### Title Examination

Before the closing of this loan, the attorney for this Lender will examine the title to the property referred to above. CITIZENS MORTGAGE CORPORATION will have no obligation to close this loan unless, in the opinion of its attorney, you will have at the time the mortgage is recorded, good, clear record, marketable title to the mortgaged property. This means that your title must, with the exception of the mortgage, be free of all liens, encumbrances and defects which, in the sole discretion of this Lender and its attorney, would make the property an imprudent investment. In addition, the property must be in full compliance with all building, zoning and other applicable governmental regulations and all loan documents must be approved by this Lender's attorney before this Lender is obliged to close your loan.

### Hazard Insurance Coverage

Unless CITIZENS MORTGAGE CORPORATION gives you a written waiver of this requirement, you will be required to pay your first year's hazard insurance premium before the closing. After that point this Lender has the right to require you to make monthly escrow payments in order to cover annual renewal premiums. You are required to bring proof of hazard insurance in the form of a binder of policy with you to the closing of your loan. The policy must include extended coverage, and the amount of hazard insurance coverage should at least equal the lesser of 100% of the insurable value of the improvements, or the unpaid principal balance of the mortgage as long as it equals the minimum amount required to compensate for damage or loss on a replacement cost basis. The policy must name **"DOVENMUEHLE MORTGAGE,** INC., its successors and assigns, as their interest may appear" PO BOX 57046 **, IRVINE, CA** 92619-7046 as first mortgagee.

The insuring company must have at least a B general policy holder's rating and a financial size category of III in "Best's Key Rating Guide". We will accept as an alternate coverage written by a carrier that has an A general policyholder's rating. CITIZENS MORTGAGE CORPORATION will also accept coverage from Lloyd's of London, even though it has no Best's rating and under a FAIR plan if that is the only coverage that can be obtained at a reasonable cost. The hazard insurance policy or binder must state the Best's rating of the company.

### Flood Insurance Coverage

[   ] It has been determined that the property securing this transaction is located in a special flood hazard. You are required to purchase flood insurance and pay the first year's premium before the closing. You must provide a binder at the time of loan closing. The Lender has the right to require you to make monthly escrow payments in order to cover the annual renewal premiums.

### Your **Responsibility** for Closing Costs

If the closing of this loan transaction fails to occur, you agree to be responsible for all legal fees and other expenses of the CITIZENS MORTGAGE CORPORATION that are incurred as a result of processing this loan. For the estimated amount of these fees and costs, please refer to the Good Faith Estimate which has already been mailed to you. You will not be responsible for these fees and costs if the failure to close is due to the Lender's failure to comply with its agreements as set forth in this commitment.

### Special Closing Conditions

The approval of your loan application is contingent upon additional requirements which must be satisfied prior to consumation of the transaction. Please refer to page four (4) for those additional **requirements.**

Thank you very much for this opportunity to be of service. If you have any questions concerning your loan, please do not hesitate to call our office.

Sincerely,

**CLAUDIA ARRENDONDO**

3

CMCOM2 (REV **10/96)**

C03935
CONFIDENTIAL

**This Commitment is subject to the conditions stated below:**

**FOLLOWING CONDITIONS ARE TO BE MET AT LEAST FIVE DAYS PRIOR TO CLOSING:**

1. Review of most recent 12 month satisfactory rental history.
2. A satisfactory, fully executed Purchase and Sales Agreement with maximum sales price $305,000
3. Original, satisfactory 3 Unit appraisal supporting a value of at least $305,000 that is satisfactory to CMC.
4. Life of loan flood determination.
5. No non-arms length transaction allowed.
6. Satisfactory desk review confirming value of $305,000

**ALL INFORMATION GIVEN ON THE APPLICATION MUST BE SUPPORTED TO THE SATISFACTION OF CITIZENS MORTGAGE COMPANY, BY THE ABOVE REQUESTED CONDITIONS. APPROVAL IS SUBJECT TO CHANGE IF THE VERIFIED INFORMATION IS DIFFERENT.**

**CLOSING:**

1. Your credit documents expire 3/12/03. Reverification will be required after this date.
2. HUD to show no gift of equity or gift funds.
3. Subject to 2nd mortgage of $45,750.

**PLEASE NOTE: Should there be any change due to the information provided to Citizens Mortgage Corporation, such as debt structure, employment status, assets to close, etc. please notify us immediately so that we can accommodate your financing needs. This approval letter is issued with the assumption that no change will occur.**

**Borrower(s) Acceptance of Mortgage Commitment**

**I/We hereby accept the terms and conditions as stipulated in this commitment letter.**

_____          _____
Borrower                                                          Date

_____          _____
Borrower                                                          Date

2246121

C03936
CONFIDENTIAL

SENT BY: CITIZENS MORTGAGE;    16175393004    ; JAN-1? '?3 12:25;    PAGE 4/5
01/13/2003 MON 12:12 FAX 617567. .9  DORADO REAL ESTATE    @004/005

Dec-18-02 12:15pm  From-TONY'S REALTY    6175694513    T-182  P.04/05  F-???

Dec-18-02 11:13am  From-TONY'S REALTY    6175694513    T-177  P.04/05  F-???

**17. ADJUSTMENT OF UNASSESSED AND ABATED TAXES**

If the amount of said taxes is not known at the time of the delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding fiscal year, with a reapportionment as soon as the new tax rate and valuation can be ascertained; and, if the taxes which are to be apportioned shall thereafter be reduced by abatement, the amount of such abatement, less the reasonable cost of obtaining the same, shall be apportioned between the parties, provided that neither party shall be obligated to institute or prosecute proceedings for an abatement unless herein otherwise agreed.

**18. BROKER's FEE** (fill in fee with dollar amount or percentage; also name of Brokerage firm(s))

A Broker's fee for professional services of  $12,000.00 (Twelve thousand dollars) is due from the SELLER to Tony's Realty to be split 50/50 with Dorado Real Estate. If, as and when the deed is delivered and the purchase price is paid in full to the Seller.

the Broker(s) herein, but if the SELLER pursuant to the terms of clause 21 hereof retains the deposits made hereunder by the BUYER, said deposits shall be applied to reduce/or/in/the SELLER then amount equal to said half the amount so retained or an amount equal to the Broker's fee for professional services according to this contract, whichever is the lesser.

**19. BROKER(S) WARRANTY** (fill in name)

The Broker(s) named herein  Anthony Giscalone, Jr.  warrant(s) that the Broker(s) is (are) duly licensed as such by the Commonwealth of Massachusetts.

**20. DEPOSIT** (fill in name)

All deposits made hereunder shall be held in escrow by ___ as escrow agent subject to the terms of this agreement and shall be duly accounted for at the time for performance of this agreement. In the event of any disagreement between the parties, the escrow agent may retain all deposits made under this agreement pending instructions mutually given in writing by the SELLER and the BUYER.

**21. BUYER's DEFAULT; DAMAGES**

If the BUYER shall fail to fulfill the BUYER's agreements herein, all deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages ___ .  ___ without further recourse to the parties hereto.

**22. RELEASE BY HUSBAND OR WIFE**

The SELLER's spouse hereby agrees to join in said deed, and to release and convey all statutory and other rights and interests in said premises.

**23. BROKER AS PARTY**

The Broker(s) named herein join(s) in this agreement and become(s) a party hereto, insofar as any provisions of this agreement expressly apply to the Broker(s), and to any amendments or modifications of such provisions to which the Broker(s) agree(s) in writing.

**24. LIABILITY OF TRUSTEE, SHAREHOLDER, BENEFICIARY, etc.**

If the SELLER or BUYER executes this agreement in a representative or fiduciary capacity, only the principal or the estate represented shall be bound, and neither the SELLER or BUYER so executing, nor any shareholder or beneficiary of any trust, shall be personally liable for any obligation, express or implied, hereunder.

**25. WARRANTIES AND REPRESENTATIONS** (fill in); if none, state "none"; if listed, indicate by whom each warranty or representation was made

The BUYER acknowledges that the BUYER has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in this agreement or previously made in writing, except for the following additional warranties and representations, if any, made by either the SELLER or the Broker(s):    NONE

**26. MORTGAGE CONTINGENCY CLAUSE** (omit if not provided for in Offer to Purchase)

In order to help finance the acquisition of said premises, the BUYER shall apply for a conventional bank or other institutional mortgage loan of $  289,750.00  at prevailing rates, terms and conditions. If despite the BUYER's diligent efforts a commitment for such loan cannot be obtained on or before  January 20,  2003  the BUYER may terminate this agreement by written notice to the SELLER and/or the Broker(s), as agent(s) for the SELLER, prior to the expiration of such time, whereupon any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto. In no event will the BUYER be deemed to have used diligent efforts to obtain such commitment unless the BUYER submits a complete mortgage loan application conforming to the foregoing provisions on or before  December 21,  2002

Copyright © 1979, 1984, 1986, 1987, 1988, 1991 Greater Boston Real Estate Board. All rights reserved.    Page 3

C03985
CONFIDENTIAL

SENT BY: CITZENS MORTGAGE;                16175393004          ; JAN-13  1 12:25;          PAGE 5/5

01/13/2003 MON 12:12 FAI 6175673... DORADO REAL ESTATE                              005/005

Dec-18-02  12:15pm   From-TONY'S REALTY                    6175694813          T-182  P.05/05

Dec-18-02  11:37pm   From-TONY'S REALTY                    6175694813          T-177  P.08/08

| 37. | CONSTRUCTION OF AGREEMENT | This instrument ... executed in multiple counterparts, teteb* construed as a Massachusetts contract, is to take effect as sealed instrument, sets forth the entire contract between the parties, is binding upon and enures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be cancelled, modified or amended only by a written instrument executed by both the SELLER and the BUYER. If two or more persons are named herein as BUYER their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this agreement or to be used in determining the intent of the parties to it. |
| 28. | LEAD PAINT LAW | The parties acknowledge that, under Massachusetts law, whenever a child or children under six years of age resides in any residential premises in which any paint, plaster or other accessible material contains dangerous levels of lead, the owner of said premises must remove or cover said paint, plaster or other material so as to make it inaccessible to children under six years of age. |
| 29. | SMOKE DETECTORS | The SELLER shall, at the time of the delivery of the deed, deliver a certificate from the fire department of the city or town in which said premises are located stating that said premises have been equipped with approved smoke detectors in conformity with applicable law. |
| 30. | ADDITIONAL PROVISIONS | The initialed riders, if any, attached hereto, are incorporated herein by reference. |

      a- The seller shall pay /$5,000.00 towards the buyers closing costs
      and/or prepaid items
      b- Subject to financing.
      c- Subject to two units vacant at closing.
      d- If Buyer c.____ an extension of the closing date, Buyer shall
      reimburse Seller fa lost rent la one apartment through the closing
      date at the rate of $600.00 per month.

FOR RESIDENTIAL PROPERTY CONSTRUCTED PRIOR TO 1978, BUYER MUST ALSO HAVE SIGNED
"LEAD PAINT PROPERTY TRANSFER NOTIFICATION CERTIFICATION"

NOTICE: This is a legal document that creates binding obligations. If not understood, consult an attorney.

SELLER (or spouse) _____ Douglas J. Friend

Taxpayer ID/Social Security No. _____

SELLER _____

Taxpayer ID/Social Security No. _____

BUYER _____ Jean Barboga

Taxpayer ID/Social Security No. _____

BUYER _____

Taxpayer ID/Social Security No. _____

Broker(s) _____

Copyright © 1979, 1984, 1986, 1987, 1988, 1991 Greater Boston Real Estate Board. All rights reserved.          Page 4

C03986
CONFIDENTIAL

2246122

**C** **CITIZENS**
MORTGAGE CORPORATION



January 9, 2003

Re: 331 PARIS STREET
EAST BOSTON, MA 02128

Dear Borrower(s): JEAN **BARBOSA**

We are pleased to inform you that your application for a mortgage has been approved. Accordingly, CITIZENS MORTGAGE CORPORATION offers you the mortgage loan detailed below.     Eleanor

After you accept this **offer,** it will be an agreement between this lender and you. Any other agreement that may exist is replaced by this agreement. No change in the terms of conditions of this agreement shall be effective, nor will it bind CITIZENS MORTGAGE CORPORATION in any way unless the change is in writing and is signed by an officer of the Lender. The terms and conditions are set forth **below.** If you do not comply with any one or more of these terms or if any one or more of the conditions outlined on page 4 are not fulfilled then this lender will not be required to make this mortgage loan to you.

| | | | |
|---|---|---|---|
| Program Type: | FIXED | | |
| Loan Amount: | $ 45,750.00 | | |
| Term: | 360 | | |
| Interest Rate: | 13.000 | | |
| Principal and Interest: | $ 506.08 | | |
| Real Estate Taxes: | Not Required | | |
| Hazard Insurance Escrow: | Not Required | | |
| Discount Fee: | $ 1,429.69 | ( 3.125 ) To be collected from you at closing | |
| Mortgage Insurance: | | | |
|     Monthly **Escrow:** | $ | Monthly | |
|     Initial MI Premium | $ | ( %) To be collected from you at closing | |
|     One-Time **MIP** | $ | | |

Rate Lock Option
[ x ] The rate on your mortgage request will expire on   01/21/03           . In the event the loan fails to close and disburse by this date, the interest rate in effect (7) seven calendar days prior to closing or the originally committed rate whichever is higher,  shall be assigned.

[    ] The rate of interest of your loan has not yet been established. You have chosen to be subject to rates established after the date of this commitment and prior to the closing as described in the Rate/points Lock-In Option that you signed. By accepting this commitment, you agree that the rate will be set prior to the **closing.**

Interest Rate **Adjustment**
[    ] The interest rate on your loan may be adjusted on
and every        months thereafter.

Your interest rate will be based upon the weekly average yield on United **States** Treasury Securities adjusted to a constant maturity of        year(s) (for **index),** plus our margin. The Index is obtained from the **FRBSR (H15)** S19. Information about the index is published **weekly** in The Wall Street Journal.

The Adjustments in your interest rate are limited and cannot be adjusted more than percentage points for each adjustment period, or more than            percentage **points** over the life of the loan.

1

C04040
CONFIDENTIAL

CMCOM (REV 11/01)

Your initial rate is a low "discount" rate, and it will expire in            months. Your new interest rate will be based on the rate adjustment index indicated above plus a margin of            percentage points. When your initial interest rate expires the amount of your principal and interest payment may increase. Adjustments will be limited if so indicated above.

The minimum rate adjustment will be one-eigth of one percent (.125%). The new rate will be rounded to the nearest one-eigth percent. At each interest rate adjustment, you will be given at least 30, but no more than 45 days, notice of the new rate and when it will take effect. You will also be notified if no change in the rate is to take place. Your monthly payment will be adjusted so that the loan will be fully paid at maturity of the loan.

Mortgage Insurance
[    ] Mortgage insurance must be approved and issued by a mortgage insurance company. You will pay the first year's premium at the tune of closing and monthly escrow payments for annual renewal premiums, or the entire amount may be financed along with your loan.

Construction or Renovation
[    ] If the property to be mortgaged is a new construction or substantial renovation, completion of work must be verified by this lendor before closing. The final appraisal of the property may not be less than $            , and will be subject to review and approval by an underwriter of    CITIZENS MORTGAGE CORPORATION

Assumption of Your Mortgage
[ C ] If all or any part of the property or any interest in it is sold or transferred without Lender's prior written consent, Lender may at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of the Security Instrument.

If this is an adjustable rate mortgage loan the Lender also shall not exercise this option if : (a) Borrower caused to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee, and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in the Security Instrument is acceptable to Lender; and (c) You have not exercised your option to convert this loan to a fixed rate loan. Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption.

Expiration or Extension
This commitment will expire on    03/12/03            . If for any reason the closing of your loan does not occur by that time, the obligation of  CITIZENS MORTGAGE CORPORATION in this commitment will cease to have any legal force or effect. Any extension of this commitment will be within the sole discretion of CITIZENS MORTGAGE CORPORATION

If this commitment is extended,      CITIZENS MORTGAGE CORPORATION      will have the right to change any of the terms specified above, including the interest rate.

Accuracy of your Application
This offer and agreement are made in reliance on the accuracy and completeness of all information submitted in your loan application. Verification of the completeness and accuracy of all such information is a precondition to any obligation on the part of CITIZENS MORTGAGE CORPORATION to close this loan.

No Secondary Financing
You may not use secondary financing in addition to your loan from this Lender to complete the purchase of the property described above unless it is approved in writing by an officer of this Lender.

2

CMCOM1(REV 2/96)

C04041
CONFIDENTIAL

2246122

### Title Examination

Before the closing of this loan, the attorney for this Lender will examine the title to the property referred to above.    CITIZENS MORTGAGE CORPORATION  will have no obligation to close this loan unless, in the opinion of its attorney, you will have at the time the mortgage is recorded, good, clear record, marketable title to the mortgaged property.   This means that your title must,  with the exception of the  mortgage, be free of all liens, encumbrances and defects which,  in the sole discretion of this Lender and its attorney, would make the property an imprudent investment. In addition, the property must be in full compliance with all building, zoning and other applicable governmental regulations and all loan documents must be approved by this Lender's attorney before this Lender is obliged to close your loan.

### Hazard Insurance Coverage

Unless CITIZENS MORTGAGE CORPORATION    gives you a written waiver of this requirement, you  will be required to pay your first year's hazard insurance premium before the closing. After that point this Lender has the right to require you to make  monthly escrow payments in order to cover annual renewal premiums.  You are required to bring proof of hazard insurance in the form of a binder of policy with you to the closing of your loan.  The policy must include extended  coverage,  and  the  amount of hazard insurance coverage should  at least equal the lesser of 100% of the insurable  value of the improvements, or the unpaid principal balance of the mortgage as long as  it equals the minimum  amount  required to compensate for damage or loss on a replacement cost basis.  The policy must name "DOVENMUEHLEMORTGAGE, INC., its successors and assigns, as their interest may appear"   PO BOX 57046 , IRVINE, CA 92619-7046    as first mortgagee.

The insuring company must have at least a B general policy holder's rating and a financial size category  of III in "Best's Key Rating Guide".  We will accept as an alternate coverage written by a carrier that has an A general policyholder's rating. CITIZENS MORTGAGE CORPORATION will  also accept  coverage  from  Lloyd's  of London, even though it has no Best's rating and under a FAIR plan if that is the  only  coverage that can be obtained at a reasonable cost.  The hazard insurance policy or binder must state the Best's rating of the company.

### Flood Insurance Coverage

[    ] It  has  been determined that the property securing this transaction is located in a special flood  hazard.  You  are  required  to purchase flood insurance and pay the first year's premium before the closing.   You  must provide a binder at the time of loan closing.  The Lender has the right to require you to  make  monthly escrow  payments in order to cover the annual renewal premiums.

### Your Responsibility for Closing Costs

If the closing of this loan transaction fails to occur, you agree to be responsible for  all  legal fees and other expenses of the   CITIZENS MORTGAGE CORPORATION   that are incurred as a result of processing  this  loan.  For the  estimated amount of these fees and costs, please refer to the  Good  Faith  Estimate  which has already been mailed to you.  You will not be responsible for these  fees  and  costs  if  the  failure  to close is due to the Lender's failure to comply with its agreements as set forth in this commitment.

### Special Closing Conditions

The  approval  of  your  loan application is contingent upon additional requirements which must be satisfied  prior  to  consumation  of the transaction. Please refer to page four (4) for those additional  requirements.

Thank  you  very  much  for  this  opportunity  to be of service. If you have any questions concerning your loan, please do not hesitate to call our office.

Sincerely,


**CLAUDIA ARRENDONDO**

3

CMCOM2 (REV 10/96)

C04042
CONFIDENTIAL

This Commitment is subject to the conditions stated below:

FOLLOWING CONDITIONS ARE TO BE MET AT LEAST FIVE DAYS PRIOR TO CLOSING:

1. Review of most recent 12 month satisfactory rental history.
2. A **satisfactory,** fully executed Purchase and Sales Agreement with maximum sales price $305,000
3. Original, satisfactory 3 Unit appraisal supporting a value of at least $305,000 that is satisfactory to CMC.
4. Life of loan flood determination.
5. No non-arms length transaction allowed.
6. Satisfactory desk review confirming value of $305,000

ALL INFORMATION GIVEN ON THE APPLICATION MUST BE SUPPORTED TO THE SATISFACTION OF CITIZENS MORTGAGE COMPANY, BY THE ABOVE REQUESTED CONDITIONS.  APPROVAL IS SUBJECT TO CHANGE **IF** THE VERIFIED INFORMATION IS DIFFERENT.

CLOSING:

1. Your credit documents expire 3/12/03.  **Reverification** will be required after this date.
2. HUD to show no gift of equity or gift funds.
3. Subject to 2nd mortgage of $45,750.

PLEASE NOTE: Should there be any change due to the information provided to Citizens Mortgage Corporation, such as debt structure, employment status, assets to close, etc. please notify us immediately so that we can accommodate your financing needs. This approval letter is issued with the assumption that no change will occur.

Borrower(s) Acceptance of Mortgage Commitment

**I/We** hereby accept the terms and conditions as stipulated in this commitment letter.

_____          _____
Borrower                                                            Date


_____          _____
Borrower                                                            Date

2246122

**C04043**
CONFIDENTIAL



1

VOLUME II
PAGES 1-157
EXHIBITS 1-8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 03CV-12413DPW

```
                                        )
ELEANOR SCALLI and ROBERT SCALLI,       )
                                        )
         Plaintiffs,                    )
                                        )
            vs.                         )
                                        )
CITIZENS FINANCIAL GROUP, INC.,         )
                                        )
         Defendant.                     )
                                        )
```

DEPOSITION OF ELIZABETH M. WALSH, VOLUME II, taken pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, before Deborah S. Gutierrez, a Registered Professional Reporter, Certified Shorthand Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the law offices of Mark E. Burke, 111 South Bedford Street, Burlington, Massachusetts, on Wednesday June 15, 2005, commencing at 10:25 a.m.

- - - - -

BRAMANTI & LYONS COURT REPORTING, INC.
REGISTERED PROFESSIONAL REPORTERS
92 State Street, 8th Floor
Boston, MA 02109
TEL: 617.723.7321 / FAX: 617.723.7322

2

```
 1    APPEARANCES:

 2
      ON BEHALF OF ELEANOR SCALLI:
 3
      MARK E. BURKE, ESQUIRE
 4    111 South Bedford Street
      Burlington, Massachusetts   01803
 5    (781) 273-3801

 6
      ON BEHALF OF ROBERT SCALLI:
 7
      NICHOLAS J. DIMAURO, ESQUIRE
 8    111 South Bedford Street
      Burlington, Massachusetts   01803
 9    (781) 273-3801

10
      ON BEHALF OF THE DEFENDANT:
11
      ANNE M. GAETA, ESQUIRE
12    Goodwin Procter
      Exchange Place
13    Boston, Massachusetts   02109
      (617) 570-1000
14

15

16

17

18

19

20

21

22

23

24
```

DEPOSITION OF ELIZABETH WALSH, VOLUME II

1               **I N D E X**

2

3   <u>WITNESS</u>                                          <u>PAGE</u>

4   Elizabeth M. Walsh
         Examination by Mr. Burke                    4
5        Examination by Mr. DiMauro                  97
         Examination by Mr. Burke                   133
6        Examination by Mr. DiMauro                 151

7

8

9               **E X H I B I T S**

10

11

<u>NUMBER</u>              <u>DESCRIPTION</u>                   <u>PAGE</u>

12
      4          Loan file                            4
13    5          Policy and procedures manual         4
      2-A        E-mail, dated 1/17/03               10
14    6          Excerpt from the policy and
                 procedures manual                   97
15    7          Adverse action letter              131
      8          Adverse action letter              131
16

17

18

19

20

21

22

23

24

```
1            letters were going out of the

2            operations center with the loan

3            officer's by line at the bottom of each

4            and every one of them?

5     A     I was aware that the system defaulted

6            to put the loan officer's name on the

7            letter, yes.  That's not uncommon.

8     Q     And you didn't interpret this as a

9            gaping hole in the policy of Citizens

10           Mortgage Corporation?

11    A     No, not really.  Because in order to

12           generate a denial letter you have to be

13           able to deny it in the system, and you

14           have to have the proper authorization

15           in the system to deny it.  And a loan

16           officer doesn't even have -- didn't

17           have access to that system.  Processors

18           couldn't even deny a loan.  It had to

19           be done with someone with credit

20           authority.  So, I mean, the loan

21           officer's name was hard coded.  It

22           wasn't a decision I made.

23    Q     So you didn't — you don't believe it

24           was important at all that the loan
```

1          officer's name was at the bottom of all

2          the credit denial letters that were

3          going out of Citizens Mortgage

4          Corporation while you were the

5          operations manager.

6     A    The decision on whose name went on the

7          bottom of the letter wasn't my

8          decision.  But I don't have an issue

9          with the decision that was made.

10         Because the loan officer's the primary

11         contact with the client.  And a loan

12         could be denied before a processor

13         might even have a chance to look at the

14         file.  And, also, the loan officer's

15         supposed to verbally communicate the

16         reason for the denial.  So their name

17         being listed on a document doesn't mean

18         that they made the decision.

19    Q    So the answer to the question, ma'am,

20         is you believe that it's unimportant;

21         that it's not a gaping hole in the

22         policy of Citizens Mortgage

23         Corporation, and you wouldn't have

24         given it another thought.

```
 1    A   I don't think it's a gaping hole.
 2    Q   And you don't believe that it matters
 3        at all.  You don't believe that it's
 4        inconsistent with the policy of 5.0.
 5        Is that your testimony, ma'am?
 6    A   I believe that it just identifies the
 7        loan officer.  That doesn't mean that
 8        they made the credit decision.
 9    Q   Okay.  But it certainly would lead the
10        borrower to that conclusion, would it
11        not, ma'am?
12              MS. GAETA:  Objection.
13    Q   Or at the very least it would be
14        misleading to the borrower, would it
15        not?
16              MS. GAETA:  Objection.
17    A   I can't testify what a borrower -- how
18        a borrower would interpret it.
19    Q   You're in the business of making sure
20        that the truth in lending requirements
21        that have been laid out by the federal
22        government are adhered to, correct?
23    A   Correct.
24    Q   So you don't believe that this was --
```