UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELEANOR SCALLI, and,
ROBERT SCALLI
    Plaintiffs,
v.                                CIVIL ACTION NO.: 03CV-12413DPW

CITIZENS FINANCIAL GROUP, INC.
    Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF ROBERT SCALLI

I, Robert Scalli, being duly sworn and on oath hereby depose and state the following:

1. I reside at 233 Main Street, Winthrop, Massachusetts.
2. I have personal knowledge of the facts and circumstances stated herein.
3. I received several versions of the initial offer letter and incentive plan from CMC.
4. The first versions of the offer letter reflected the promise made by Barden Conn, the final versions were then changed by Mr. Conn and Mr. Conn instructed me to sign the final versions and he would fix any inconsistencies.
5. Mr. Conn never discussed a "team concept" with me at any time prior to the commencement of my employment with CMC. I was hired as a loan officer, independent of any other employee or my wife, Eleanor Scalli.
6. I never had access to the commission reports at CMC and had no capability to switch my loans to Eleanor Scalli's name or production number.
7. I did not originate the Castillo loan and I never provided any information for the file or application.
8. I was contacted by Mr. Conn regarding a follow-up meeting to advertising discussions we had previously, he asked me to bring my laptop.

9. It was not until I was confronted by Ms. Hicks regarding my ownership in a particular East Boston property that I realized that I was deceived by Mr. Conn with respect to the purpose of the meeting that resulted in my suspension.

10. Prior to the meeting with Ms. Hicks, CMC never afforded me any process or forum to explain the facts and circumstances surrounding the Castillo loan.

Signed under the pains and penalties of perjury this 27th day of July, 2005.

Robert Scalli