# **EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ELEANOR SCALLI and ROBERT SCALLI,

Plaintiffs,

v.                                                                                  Civil Action No. 03-12413-DPW

CITIZENS FINANCIAL GROUP, INC.,

Defendant.

## DEFENDANT'S SUPPLEMENTAL APPENDIX IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| Appendix Exhibit No. | Description |
|---|---|
| 1. | Excerpts from the deposition of Joyce Hicks |
| 2. | Affidavit of Jeffrey Siegel |

LIBB/1364689.1

# **EXHIBIT 1**

1         that if there was an issue, there was missing
2         documentation or the customer failed to produce
3         information.  If they are held, it's normally
4         because there is a problem with the customer or
5         problem with the loan or the customer has
6         requested to postpone the closing date.
7    Q.   But the way you've described it, Eleanor only
8         got paid commissions on closed loans up to
9         February 4th, 2003?
10   A.   Correct.
11   Q.   But there were other loans in her pipeline that
12        she had originated which she didn't get paid
13        for?
14   A.   Correct, which is what we do with anyone who
15        leaves because the loan hasn't gotten to closing
16        yet and another loan officer needs to pick up
17        that loan and see it through to closing.
18   Q.   You don't know how much money she lost as a
19        result of the termination?
20   A.   No.
21   Q.   You never looked at that?
22   A.   No.
23   Q.   Did Bard Conn ever look at that?
24   A.   I don't know.

DEPOSITION OF JOYCE ANN HICKS

1   Q.   Do you know how much Citizens Bank saved as a
2        result of her termination?
3           MS. GAETA:  Objection.
4   A.   We didn't save anything because we lost a very
5        top producer.
6   Q.   I understand that.  But you don't know how much
7        the company saved as a result of her termination
8        from commissions that would have been paid to
9        her if she were put on, for example, a
10       performance improvement plan?
11  A.   No, because they were still paying out
12       commissions because her loans had to be
13       reassigned a new loan officer.
14  Q.   They were paid to somebody else?
15  A.   So we didn't save any money as a company.
16  Q.   Moneys certainly were lost by the loan officer,
17       Mrs. Scalli?
18          MS. GAETA:  Is that a question?
19          MR. BURKE:  Yes.
20          MS. GAETA:  Objection to the question.
21  Q.   You can answer, ma'am.
22  A.   It didn't sound like a question.  It sounded
23       like a statement.
24  Q.   Mrs. Scalli certainly lost the benefit of the

DEPOSITION OF JOYCE ANN HICKS

# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELEANOR SCALLI and ROBERT SCALLI,<br><br>Plaintiffs,<br><br>v.<br><br>CITIZENS FINANCIAL GROUP, INC.,<br><br>Defendant. | Civil Action No. 03-12413-DPW |

### AFFIDAVIT OF JEFFREY SIEGEL

1. I make this affidavit in support of Defendant's Motion for Summary Judgment. I have personal and first hand knowledge of the matters described herein.

2. I am an attorney admitted in Massachusetts and have been a member in good standing of the bar of the Commonwealth of Massachusetts since 2001.

3. I was an associate at Goodwin Procter LLP from October 2001 thorough January 2005. As an associate at Goodwin Procter LLP, I represented Citizens Financial Group, Inc. in the above-captioned matter.

4. On April 9, 2004, I spoke with Plaintiffs' counsel, Mark E. Burke, concerning Plaintiffs' defamation claim. On the same day, I wrote Plaintiffs' counsel a letter summarizing my conversation with Mr. Burke and confirming the limitations of Plaintiffs' defamation claim.

5. I hereby certify that the April 9, 2004 letter attached hereto is a true and accurate copy of the letter which I sent Plaintiffs' counsel and that this letter accurately summarizes my conversation with Mr. Burke.

Signed under the penalties of perjury, this 8 day of August, 2005.

_____
Jeffrey Siegel

LIBB/1363952.1

**GOODWIN | PROCTER**

Jeffrey S. Siegel
617.570.1113
goodwinpfocter.com

Goodwin Procter UP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

April 9, 2004

**By Facsimile and Regular Mail**

Mark E. Burke, Esq.
Law Office of Mark E. Burke
Corporate Place
111 South Bedford Street, Suite 208
Burlington, MA 01803

Nicholas J. DiMauro, Esq.
Law Offices of Nicholas J. DiMauro
Corporate Place
111 South Bedford Street, Suite 208
Burlington, MA 01803

Re:   **Eleanor Scalli and Robert Scalli v. Citizens Financial Group, Inc.,**
      **CA No. 03-CV-12413DPW**

Dear Mr. Burke and Mr. DiMauro:

Pursuant to my telephone conversation with Mr. Burke this morning, this letter confirms that the Plaintiffs agreed that Count VI (Defamation) of their Joint Consolidated Complaint and Jury Demand dated April 2, 2004 ("Joint Complaint"), refers only to the specific statement alleged in Paragraph 23 of the Joint Complaint. During our call, Mr. Burke acknowledged for himself and for Mr. DiMauro that there are no statements other than the allegation that "[on or about February 6, 2003 through June 2003 Victoria Noel of Citizens Bank during her communication with Javier Pico and Danielle Felice stated that [the Plaintiffs] had been 'indicted for bank fraud.'" As a result of this representation, the Defendant will not file another Motion to Dismiss for failure to plead defamation with specificity. *See e.g., Dorn* v. *Astra USA,* 975 F. Supp. 388, 396 (D. Mass. 1997) (requiring a plaintiff to plead the wording of the alleged defamatory statements, the means and approximate dates of publication, and the falsity of those statements).

Very truly yours,

Jeffrey S. Siegel

cc:   Bradford J. Smith, P.C.

LIBB/1239956-1