UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ELEANOR SCALLI and ROBERT SCALLI,

Plaintiffs,

v.

CITIZENS FINANCIAL GROUP, INC.,

Defendant.

Civil Action No. 03-12413-DPW

### DEFENDANT'S MOTION TO STRIKE THE AFFIDAVITS OF ROBERT SCALLI AND ELEANOR SCALLI

Defendant Citizens Financial Group, Inc. hereby moves to strike the affidavits of Plaintiffs Robert Scalli and Eleanor Scalli submitted in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment for the following reasons:

1. Federal Rule of Civil Procedure 56(e) requires that "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.* Failure to attach papers referred to in an affidavit renders the affidavit incompetent as evidence. Mr. Scalli's affidavit states that "the first version of the offer letter reflected the promise made by Barden Conn. The final versions were then changed by Mr. Conn and Mr. Conn instructed me to sign the final versions and he would fix any inconsistencies." *Id.* at ¶ 4. Ms. Scalli's affidavit states that "the first versions of the offer letter reflected the promises made by Barden Conn. The final versions were then changed by Mr. Conn and Mr. Conn instructed me to sign the final version and he would fix any inconsistencies." *Id.* at

¶ 4. Plaintiffs failed to provide the "first versions" of the offer letters referred to in their affidavits. Therefore, their affidavits fail to comply with Rule 56(e).

2.  Mr. Scalli's and Ms. Scalli's affidavits also must be stricken because they contradict their deposition testimony. *See Torres* v. *E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 20 (1st Cir. 2000) (It is settled that when an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed) (citations omitted); *Colantuoni v. Calcagni & Sons, Inc.*, 44 F.3d 1, 5 (1st Cir. 1994) (disregarding plaintiff's affidavit submitted in opposition to defendant's summary judgment motion and noting that plaintiff's attorney was present at the deposition, and had the opportunity to clarify any incorrect impressions).

3.  Mr, Scalli's affidavit states that "the first versions of the offer letter he received reflected the promise made by Barden Conn." *Id* at ¶ 4. However, Mr. Scalli's deposition testimony makes clear that his offer letter never included a $50,000 salary or a forgivable draw of $1,000 for each $1 million in loans closed after the first $50 million. *See* Tab 1 (R. Scalli Dep. at 59-61). Specifically, Mr. Scalli testified that he never received a document that reflected the $1,000 of forgivable draw for each $1 million in loans closed after the first $50 million. Mr. Scalli claimed that he received a document in his employment packet, not an offer letter, which "said $50,000 salary." *Id* As is more fully described in Defendant's Memorandum in Support of its Motion for Summary Judgment, the document in Mr. Scalli's employment packet was a worksheet used for Citizens benefits. This worksheet reflects an employee's benefit base salary. The benefit base salary is necessary for determining the amount of certain benefits

2

offered to employees where the amount of benefit is derived from the employee's salary level. For commission employees who are not paid a salary, Citizens determines the benefit base salary as the greater of the assigned market point position or W-2 earnings for the employee for the calendar year prior to the annual benefit enrollment. During the period 2001-2003, the assigned market point for a loan officer was $50,000. The benefit base salary does not reflect a promise by Citizens to pay an employee at that rate. *See id.* at 2-3, n. 2.

4.  Ms. Scalli's deposition testimony contradicts her affidavit statement that "[t]he first versions of the offer letter reflected the promise made by Mr. Conn."[1] *Id* at ¶ 4. Ms. Scalli testified that the *verbal* promise by Mr. Conn was different than the actual document. *See* Tab 2 (E. Scalli Dep. at 27-29, 33). Ms. Scalli did not testify that the written offer letter included Mr. Conn's alleged verbal promise for additional compensation. Additionally, Ms. Scalli's deposition testimony contradicts her affidavit statement that "[she] never had access to the commission reports at CMC." *Id* at ¶ 6. Ms. Scalli testified that she received commission reports "every single month." *See* Tab 2 (E. Scalli Dep. at 53 (Day 2)).

For all of these reasons, Mr. Scalli's and Ms. Scalli's affidavits should be stricken in their entirety.

---

[1] Mr. Scalli and Ms. Scalli both claim in their affidavits that the "first versions" of the offer letters reflected Mr. Conn's alleged promises for additional compensation. *See* R. Scalli Aff. at ¶ 4; E. Scall Aff. at V 4. These alleged promises, by their own admissions, were made *before* they were provided with the "final versions" of the offer letters. Therefore, Plaintiffs statements about these earlier claimed promises must be stricken from their affidavits because these statements are inadmissible pursuant to the parol-evidence rule.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorneys,

/s/ Anne M. Gaeta
Bradford J. Smith (BBO No. 550325)
Anne M. Gaeta (BBO No. 643299)
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated: August 11, 2005

## LOCAL RULE 7.1 CERTIFICATION

    Pursuant to Local Rule 7.1(A)(2), the undersigned counsel hereby certifies that counsel for Defendant has spoken to counsel for Plaintiffs in a good faith effort to resolve or narrow the issues set forth in the foregoing motion and report that no resolution on these matters was reached.

/s/ Bradford J. Smith
Bradford J. Smith