UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ELEANOR SCALLI and ROBERT SCALLI,

Plaintiffs,

v.                                                                         Civil Action No. 03-12413-DPW

CITIZENS FINANCIAL GROUP, INC.,

Defendant.

## DEFENDANT'S MOTION TO STRIKE THE AFFIDAVITS OF PHILIP CONSOLO, STEPHEN AMARAL AND VICTORIA LAWS

Defendant Citizens Financial Group, Inc. hereby moves to strike the affidavits of Philip Consolo, Stephen Amaral and Victoria Laws which were filed in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, on the following grounds:

1. Plaintiffs failed to disclose Mr. Consolo, Mr. Amaral or Ms. Laws as "individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ P. 26(a)(l)(A). Rule 26(a)(l)(A) requires that each party disclose the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. *See id.* Each party is required to make such disclosures as part of its initial disclosures in any action filed in Federal Court.

2. Pursuant to Rule 26(e), "a party who has made a disclosure under subdivision (a) . . . is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the Court or in the following circumstances … if the party

LIBB/1363877.1

learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrected information has not otherwise been made known to the other party during the discovery process or in writing." *Id.* Plaintiffs failed to supplement their initial disclosures to include Mr. Consolo, Mr. Amaral or Ms. Laws.

3. In response to Defendant's Interrogatory Request Number 4 that "Plaintiffs identify all persons whom you know or believed witnessed or participated in any aspect of the transactions or occurrences giving rise to your claims or you know or believe have discoverable information concerning your claims or Defendant's position on defenses," Plaintiffs failed to disclose the names Mr. Consolo, Mr. Amaral or Ms. Laws.

4. Rule 26(e) also requires that Plaintiffs supplement their interrogatory responses to the extent Plaintiffs learn that their responses in some material respect are incomplete or incorrect and if the additional or corrected information has not otherwise been made known to the other party during the discovery process or in writing. Plaintiffs failed to supplement their interrogatory responses to include Mr. Consolo, Mr. Amaral or Ms. Laws.

5. During their depositions, neither Ms. Scalli nor Mr. Scalli mentioned the names Mr. Consolo, Mr. Amaral or Ms. Laws. This is true despite the fact that both Mr. Scalli and Ms. Scalli were asked during their depositions to identify individuals who had reported that such alleged statements concerning their employment with CMC had been made. *See* Tab 1 (R. Scalli Dep. at 117-119; E. Scalli Dep. at 99).

6. Pursuant to Rule 37(c), "a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2) is not, unless such failure is harmless, permitted to use as evidence

2

at a trial, at a hearing or on a motion any witness or information not so disclosed. . . . In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make a disclosure."

7. Rule 37(b)(2)(B) provides that the Court may issue "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matter in evidence." Rule 37(b)(l)(C) provides that the Court may issue "[a]n order striking out pleading or parts thereof . . . or dismissing the action or proceeding or any part thereof . . ."

8. Defendant was not afforded the opportunity to depose Mr. Consolo, Mr. Amaral or Ms. Laws. Accordingly, Defendant would be severely prejudiced if Plaintiffs are permitted to evade the requirements of the Federal Rules of Civil Procedure by relying on affidavits provided by individuals who were never disclosed as potential witnesses to Defendant.

9. Moreover, the affidavits of Mr. Consolo, Mr. Amaral and Ms. Laws should be stricken because these affidavits contain allegations that would be inadmissible in evidence. *See* Rule 56(e). ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.")

10. The affidavits of Mr. Consolo, Mr. Amaral and Ms. Laws fail to identify anyone employed by CMC who made such alleged statements concerning Ms. Scalli's termination. In fact, neither Ms. Laws nor Mr. Amaral refer to CMC employees in their affidavits. *See* Laws Aff. at ¶ 3; Amaral Aff. at ¶ 3-4. Mr. Consolo merely states that he heard rumors from CMC

3

loan officers, but he fails to identify these loan officers with any particularity. *See* Consolo Aff. at ¶ 4-5. As these affidavits fail to provide *any* connection between CMC and alleged rumors that the affiants heard, these affidavits contain irrelevant and inadmissible evidence. *See Perez v. Volvo Car Corp.,* 247 F.3d 303, 316 (1st Cir. 2001) ("Statements predicated on undefined discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant"); *Jefferson Constr. Co. v. U.S.,* 283 F.2d 265, 267 (1st Cir. 1960) (an affidavit based upon undisclosed conversations with unnamed employees does not comply with Rule 56(e)).

For all of these reasons, Mr. Consolo's, Mr. Amaral's and Ms. Law's affidavits should be stricken in their entirety and, pursuant to Rule 37, Plaintiffs should be ordered to pay Defendant's attorney's fees in preparing this motion.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorneys,

/ s/ Anne M. Gaeta
Bradford J. Smith (BBO No. 550325)
Anne M. Gaeta (BBO No. 643299)
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated; August 11, 2005

## LOCAL RULE 7.1 CERTIFICATION

  Pursuant to Local Rule 7.1(A)(2), the undersigned counsel hereby certifies that counsel for Defendant has spoken to counsel for Plaintiffs in a good faith effort to resolve or narrow the issues set forth in the foregoing motion and report that no resolution on these matters was reached.

              /s/ Bradford J. Smith
              Bradford J. Smith