## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ELEANOR SCALLI and ROBERT SCALLI,

Plaintiffs,

v.

CITIZENS FINANCIAL GROUP, INC.,

Defendant.

Civil Action No. 03-12413-DPW

### DEFENDANT'S MOTION TO STRIKE THE AFFIDAVIT OF ERIN GREEN

Defendant Citizens Financial Group, Inc. hereby moves to strike the affidavit of Erin Green, which was filed in support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment for the following reasons:

1.      Pursuant to Federal Rule of Civil Procedure 56(e) "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to matters stated therein." *Id.* If statements in an affidavit are patently inadmissible, they should be disregarded. *See Maiorana v. MacDonald,* 596 F.2d 1072, 1080 (1st Cir. 1979) (affidavits have glaring and pervasive defects including containing inadmissible hearsay).

2.      Ms. Green's affidavit contains inadmissible hearsay concerning a conversation that she allegedly had with Danielle Felice: "Danielle then told me that Eleanor [Scalli] was involved in some lawsuit and that she gave information regarding Eleanor to the attorneys a while back. Danielle said she had enough problems of her own and that her dad was ill and that she later gave a statement saying she didn't remember or had no knowledge of anything. She

then told me that she had not seen the Scalli's for quite some time, which was fine because she didn't want to get involved." *Id.* at ¶ 1.

3.      Ms. Green's affidavit includes "statement[s] other than one made by the declarent . . . offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Accordingly, Ms. Green's affidavit must be stricken.

4.      Ms. Green's affidavit should also be stricken because it contains statements predicated on undefined discussions which are too amorphous to satisfy the requirements of Rule 56(e). *See Perez v. Volvo Car Corp.,* 247 F.3d 303, 316 (1st Cir. 2001).  For example, Ms. Green's claims that "Danielle then told me that Eleanor was involved in some lawsuit and that she gave information regarding Eleanor to the attorneys a while back" does not meet the standard under Rule 56(e).

For all of these reasons, Ms. Green's affidavit should be stricken in its entirety.

Respectfully submitted,

CITIZENS FINANCIAL GROUP, INC.

By its attorneys,

/s/ Anne M. Gaeta_____
Bradford J. Smith (BBO No. 550325)
Anne M. Gaeta (BBO No. 643299)
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

Dated:  August 11, 2005

LIBB/1363866.1

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel hereby certifies that counsel for Defendant has spoken to counsel for Plaintiffs in a good faith effort to resolve or narrow the issues set forth in the foregoing motion and report that no resolution on these matters was reached.

/s/ Bradford J. Smith
Bradford J. Smith

LIBB/1363866.1