UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*****************************************

ELEANOR SCALLI, and,
ROBERT SCALLI
    Plaintiffs,
v.                                      CIVIL ACTION NO.: 03CV-12413DPW

CITIZENS FINANCIAL GROUP, INC.
    Defendant.
*****************************************

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PARAGRAPH 4 OF THE AFFIDAVIT OF JEAN BARBOSA

    Plaintiffs, Robert and Eleanor Scalli, hereby oppose the Defendant's Motion to Strike Paragraph 4 of the Affidavit of Jean Barbosa, which was filed in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment for the following reasons:

1.    Mr. Barbosa's affidavit stated he "never had a discussion with Eleanor Scalli regarding purchasing any property that she owned while she was employed at Citizens Mortgage." J. Barbosa Aff. at ¶ 4. Mr. Scalli testified that he owned many buildings and didn't know at the time if he owned a building in East Boston. Exhibit 1 (R. Scalli dep. at 91-96). Mr. Scalli was not sure of the timeframe of when he owned buildings in East Boston. *Id.* Mr. Scalli testified that he would have owned buildings in East Boston and Winthrop but wasn't sure of the timeframes. Exhibit 1 (R. Scalli Dep. at 97). Mr. Scalli was asked during his deposition whether his wife (Eleanor Scalli) was involved in a real estate transaction with Jean Barbosa, he answered, "I don't know." Exhibit 2 (R. Scalli Dep. Vol. II. at 15).

1

2.  Mr. Scalli testified that he did not own the property located on Maverick Street in East Boston and that he communicated the same to Joyce Hicks and Barden Conn. *Id.* at 93.

3.  Because Mr. Scalli did not own the building or have any interest therein, he testified that he was unaware of the building address in East Boston. *Id.* at 92.

4.  Mr. Scalli testified that he would need the purchase and sales agreement to remember which building was sold. *Id.*

5.  Mr. Scalli's answers to questions regarding a property he did not own, had no interest in, and was confused as to its actual location in East Boston, were at best, unclear, confused, and ambiguous. Mr. Scalli actually repeated on more than one occasion during his testimony that he was unclear on addresses of properties he himself owned and would have to check timeframes and purchase and sales agreements to provide definitive and accurate answers. *Id.* at 91-93.

6.  More importantly, although the Defendant had Mr. Barbosa's name prior to the Scalli terminations, it failed to interview Mr. Barbosa or depose him regarding property located on Maverick Street in East Boston. The Defendant cannot rely on unclear statements of a disinterested party to a transaction, who admittedly was unsure as to the properties that he himself owned, to support its meritless contention that this testimony contradicts the testimony of the actual seller and buyer. *Id.* at 90-93.

7.  If a disinterested party, entirely unconnected to a real estate transaction of which he is not a party, provides inaccurate, confused and erroneous information on a subject outside his scope of knowledge, that reduces it to a level of conjecture, said testimony cannot be said to conflict with the clear, precise and accurate

testimony of a party involved in the actual transaction at issue.  J. Barbosa Aff. at

¶ 4.  See also, *Torres v. E. I. Dupont De Nemuers & Co.*, 219 F.3d 13, 20 (1st Cir.

2000).

Based on all the foregoing, this Honorable Court should deny the Defendant's Motion to Strike Paragraph 4 of Jean Barbosa's Affidavit.

>Respectfully submitted,
>The Plaintiffs, Eleanor Scalli and Robert Scalli
>By their attorneys,
>
>/s/ Mark E. Burke
>_____
>Mark E. Burke – BBO#556166
>Law Office of Mark E. Burke
>111 South Bedford Street, Suite 208
>Burlington, Massachusetts 01803
>(781) 273-3801
>
>
>/s/ Nicholas J. Di Mauro
>_____
>Nicholas J. Di Mauro – BBO#564241
>Law Offices of Nicholas J. Di Mauro
>111 South Bedford Street, Suite 208
>Burlington, Massachusetts 01803
>(781) 273-3801