UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ELEANOR SCALLI, and,**
**ROBERT SCALLI**
    **Plaintiffs,**
v.                                                                 **CIVIL ACTION NO.: 03CV-12413DPW**

**CITIZENS FINANCIAL GROUP, INC.**
    **Defendant.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE AFFIDAVITS OF ROBERT SCALLI AND ELEANOR SCALLI

Plaintiffs, Robert and Eleanor Scalli, hereby oppose the Defendant's Motion to Strike their Affidavits, which were filed in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment for the following reasons:

1. Federal Rule of Civil Procedure 56(e) states that [s]upporting and opposing affidavits shall be made on personal knowledge…." Mr. Scalli and Mrs. Scalli's, entirely consistent testimony provided at their depositions, stated that the final versions of the contracts provided were inconsistent with the first version. The fact that the Defendant claims it did not possess the "first version" or the fact that the Plaintiffs do not possess copies, does not preclude this Court from considering that portion of their affidavits that states the final version was inconsistent with the previous versions. R. Scalli Aff. at ¶ 4; E. Scalli Aff. at ¶ 4.

2. Mr. Scalli's and Mrs. Scalli's affidavits are entirely consistent with their deposition testimony. The Defendant seeks to frame portions of the Scallis' deposition to suit its arguments. Specifically, the testimony, as characterized in the Defendant's Motion to Strike, quotes portions of the deposition in a manner which is clearly out of context. The Defendant relies on testimony provided by

1

      Mr. Scalli without noting the timeframe of the Plaintiff's responses. Also, the Defendant cites portions of Mrs. Scalli's deposition which clearly do not refer to relevant issues averred as it relates to the manipulation, generation, computation or control of the commission reports prior to its completion for dissemination to employees. See Defendant's Motion to Strike Affidavits of Robert Scalli and Eleanor Scalli at ¶¶ 3, 4.

3. Robert Scalli testified that he received other written documents besides the offer letter that were inconsistent with the first versions he received and was instructed to sign said documents by Mr. Conn and Mr. Conn stated he would take care of it. SDMF at ¶ 10.

4. Mr. Scalli's deposition testimony does not contradict the statement in ¶ 4 of her Affidavit. Mrs. Scalli specifically stated that Bard put all her husband's loans under her, that is the way he [Barden Conn] structured it. Further, Mrs. Scalli stated that she received said commission reports from Mr. Conn. Exhibit 1 (E. Scalli Dep. Vol. II at 51-52).

5. The Defendant has merely presented argument to strike alleged defects in ¶ 4 of the Plaintiffs' Affidavits. The Defendant has not presented any basis or legal argument to strike the entire affidavits of Mr. Scalli or Mrs. Scalli pursuant to Fed. Rules of Civil Procedure 7.1

6. Thus, the Defendant has waived any basis to strike ¶¶ 1-3 and 5-12 of Mrs. Scalli's Affidavit and ¶¶ 1-3 and 5-10 of Mr. Scalli's Affidavit pursuant to Rule 7.1.

Based on all the foregoing, this Honorable Court should deny the Defendant's Motion to Strike the Affidavits of Robert Scalli and Eleanor Scalli.

    Respectfully submitted,
    The Plaintiffs, Eleanor Scalli and Robert Scalli
    By their attorneys,

    /s/ Mark E. Burke
    _____
    Mark E. Burke – BBO#556166
    Law Office of Mark E. Burke
    111 South Bedford Street, Suite 208
    Burlington, Massachusetts 01803
    (781) 273-3801


    /s/ Nicholas J. Di Mauro
    _____
    Nicholas J. Di Mauro – BBO#564241
    Law Offices of Nicholas J. Di Mauro
    111 South Bedford Street, Suite 208
    Burlington, Massachusetts 01803
    (781) 273-3801