UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*****************************************
ELEANOR SCALLI, and,
ROBERT SCALLI
    Plaintiffs,
v.                                  CIVIL ACTION NO.: 03CV-12413DPW

CITIZENS FINANCIAL GROUP, INC.
    Defendant.
*****************************************

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE AFFIDAVITS OF PHILIP CONSOLO, STEPHEN AMARAL AND VICTORIA LAWS

Plaintiffs, Robert and Eleanor Scalli, hereby oppose the Defendant's Motion to Strike the Affidavits of Philip Consolo, Stephen Amaral and Victoria Laws, which were filed in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment for the following reasons:

1. Fed. R. Civ. P. 26(a)(1)(A) requires that each party disclose the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. The Plaintiffs submit that the names and information were not known to the Plaintiff prior to the Defendant's filing of its motion for summary judgment.

2. Pursuant to Rule 26(e) a party is under a duty to supplement or correct a disclosure or response "…if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrected information has not otherwise been made known to the other party during the discovery process or in writing." Although the Plaintiffs concede that the names Philip Consolo, Stephen Amaral and Victoria Laws were not provided prior to the

1

      filing of the Plaintiffs' Opposition to the Defendant's Motion for Summary Judgment, the Plaintiffs respectfully submit that in light of all the circumstances discussed below the failure is harmless. See Rule 37(c).

3. The touchstone of the duty to supplement, correct or amend disclosure or responses is predicated on whether…information has not otherwise been made known to the other party during the discovery process or in writing. *Id.* Here, the Defendant, during depositions with the Plaintiffs, was provided with specific information regarding brokers known to the Scalli's at the time. Also, the Defendant was provided with information regarding which real estate brokers had been affected by the negative statements published by the Defendant. *Id.* See Exhibit 1 R. Scalli Dep. at 117-120; E. Scalli Dep. Vol. II at 99-101.

4. The Defendant, during the depositions of Robert and Eleanor Scalli, did not follow up on initial questions with inquiries regarding all the real estate brokers or offices that might have been involved, locations and/or phone numbers of said offices, and whether said offices were still in business. *Id.*

5. Neither the brokers, nor the lawyer identified by Robert and Eleanor Scalli at the time of their depositions, were deposed by the Defendant. *Id.* Specifically, Peggy Pratt, Rosemary Galindo, Karen of Carmichael Real Estate, Ed Martinez, Marisol Aldana, Louis Gonzales, Rodriguez, Gould and Javier Pico were never deposed by the Defendant. See Exhibit 2, (R. Scalli Dep. Vol. II at 48-50).

6. The Defendant maintained records related to each and every loan originated by Robert and Eleanor Scalli. The Defendant had ample opportunity to cross-reference said loans to discover which real estate offices were utilized by the Scallis during their employment with Citizens Mortgage Corporation (hereinafter,

"CMC"). Indeed, the Defendant audited the loan files. See Exhibit 3 J. Hicks Dep. at 33.

7. The Defendant was afforded a full and fair opportunity to gain any and all information regarding real estate brokers from its own records and from Robert and Eleanor Scalli during the taking of their depositions.

8. The Defendant chose not to inquire specifically regarding potential real estate offices affected by alleged statements communicated to brokers subsequent to reviewing its own records.

9. Because none of the brokers or the lawyer identified by Robert and Eleanor Scalli during their depositions were deposed by the Defendant, its assertion that it would be severely prejudiced if the Plaintiffs were allowed to submit the affidavits of Mr. Consolo, Mr. Amaral and Ms. Laws is directly belied by its own actions. *Id.*

10. The information contained in the Consolo, Amaral and Law affidavits sufficiently set forth that they had a business relationship with the Plaintiff and that CMC employees interfered with said relationship. See *Zimmerman v. Direct Federal Credit*, 262 F.2d 70, 79 (1st Cir. 2001).

11. The affidavits of Consolo, Amaral and Laws support the deposition testimony of Robert and Eleanor Scalli wherein both explained that they lost significant advantageous business relations as a result of statements made by CMC employees. See Exhibit 1 (R. Scalli Dep. At 119-120; E. Scalli Dep. Vol. II at 98-100.)

Based on the foregoing, the Defendant's Motion to Strike the Affidavits of Philip Consolo, Stephen Amaral and Victoria Law should be denied and this Honorable Court

3

should find that sanctions are not warranted and that the Defendant should not be awarded attorney's fees.

>Respectfully submitted,
>The Plaintiffs, Eleanor Scalli and Robert Scalli
>By their attorneys,
>
>/s/ Mark E. Burke
>_____
>Mark E. Burke – BBO#556166
>Law Office of Mark E. Burke
>111 South Bedford Street, Suite 208
>Burlington, Massachusetts 01803
>(781) 273-3801
>
>
>/s/ Nicholas J. Di Mauro
>_____
>Nicholas J. Di Mauro – BBO#564241
>Law Offices of Nicholas J. Di Mauro
>111 South Bedford Street, Suite 208
>Burlington, Massachusetts 01803
>(781) 273-3801